James R. LEE, Appellant,

v.

Doug CHERRY, Appellee.

No. C14–90–492–CV

Court of Appeals of Texas,
Houston (14th Dist.).

June 13, 1991.

Rehearing Denied July 18, 1991.

Katherine D. Woodruff, Irving, for appellant.

C. Vernon Lawson, Webster, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

In this appeal from a summary judgment, the issue before this court is whether a forwarding attorney is entitled to a referral fee if he resigns his license to practice law before the case is settled. By summary judgment, the trial court held he was not. We reverse and remand.

The facts are essentially undisputed. In January 1984, appellant, James R. Lee, then a licensed attorney, referred a personal injury case to Doug Cherry, appellee. Cherry agreed in writing to pay all expenses and to remit to appellant one-third of any legal fee earned in the case. Ste-

phen Glen Davis, the injured client, executed a written acknowledgment of the referral agreement between the two attorneys. On April 3, 1987, the State Bar of Texas suspended appellant from the practice of law for two years, effective April 10, 1987. Appellant subsequently resigned his license to practice law in lieu of disciplinary proceedings and his resignation was accepted by the supreme court on February 2, 1988.

In May 1989, Cherry settled the referred case for $1,600,000.00. Lee requested his referral fee. Cherry refused asserting that the referral agreement between them was void and unenforceable because the State Bar rules prohibit sharing attorney's fees with a non-lawyer. By implication, Cherry had no choice but to keep the entire fee.[1]

Appellant brought a declaratory judgment action asking the court to declare that he should be paid in accordance with the referral fee contract. Appellee moved for summary judgment on the affirmative defense that the contract was void and unenforceable under the laws of this state. Appellee claimed that he was entitled to judgment as a matter of law because the contract required him to share attorney's fees with a non-lawyer. He further alleged that appellant had abandoned and waived any claim to attorney's fees when he resigned his law license. The trial court granted appellee's motion for summary judgment.

█ Appellant contends the trial court erred in granting appellee's motion for summary judgment and he was entitled to collect his referral fee notwithstanding the fact that he was no longer a lawyer when the case was settled. He argues that he was a licensed attorney at all times during which an attorney-client relationship existed and that the referral ended his legal duties to the client. He asserts there was no abandonment because there were no legal duties left to perform and the client

agreed to the referral contract. For the reasons hereinafter set out, we agree.

Appellee's summary judgment motion and his position before this court are grounded on State Bar Rule 5.04(a), which provides that "[a] lawyer or law firm shall not share or promise to share legal fees with a non-lawyer...." SUPREME COURT OF TEXAS, STATE BAR RULES art. X, § 9 (Texas Disciplinary Rules of Professional Conduct) Rule 5.04(a) (1990) [hereinafter TEX. DISCIPLINARY RULES OF PROF. CONDUCT] (located in the pocket part of for Volume 3 of the Texas Government Code in title 2, subtitle G app., following § 83.006 of the Government Code). Prior to January 1, 1990, the same prohibition was encompassed in Disciplinary Rule 3–102. The rationale behind this rule is to prevent solicitation by lay persons of clients for lawyers and to avoid encouraging or assisting non-lawyers in the practice of law. *See* TEX. DISCIPLINARY RULES OF PROF. CONDUCT, Rule 5.04 comment 1 (Vernon Supp.1991).

Appellee does not dispute that appellant had no further duties in the case or that the client approved the referral. However, he asserts appellant is not entitled to collect a referral fee because appellant is now a non-lawyer and regardless of the circumstances or the reason behind Rule 5.04(a), it precludes payment of referral fees under a referral fee contract to an attorney who resigns or is disbarred. He argues, in effect, that this rule retroactively voids and makes an otherwise valid referral fee contract unenforceable. The rule, under appellee's view, operates as a kind of additional punishment to the disbarred or resigned attorney by denying him payment for legal services rendered which are unrelated to his resignation or disbarment.

In support of his position, appellee refers us to Ethics Opinion 432 which commented on a similar fact situation. TEX. COMMITTEE ON PROFESSIONAL ETHICS, Op. 432, 49 TEX. B.J. 1013 (1986) (hereinafter Ethics Op. 432). Under the facts before the committee, an attorney signed a contingent fee

---

1. During oral submission, appellee's counsel was asked, if we ruled in his favor, would appellee be willing to remit the forfeited referral fee

to the injured client. His response was somewhat ambiguous.

contract with a client and successfully tried the case. While the case was on appeal, the attorney was disbarred. Another attorney was necessarily substituted on appeal and the case was eventually affirmed by the Texas Supreme Court. The committee concluded that the second attorney could not pay the disbarred attorney either on the contingent fee contract or under quantum meruit for services rendered because the disbarred attorney had, in effect, "voluntarily abandoned" his client and could not complete the work he was engaged to perform by virtue of his disbarment brought about by his own conduct. *Id.*

The committee clearly based its decision on the rationale of abandonment. This is evidenced by its reliance on *Royden v. Ardoin*, 160 Tex. 338, 331 S.W.2d 206 (1960). In *Royden*, the supreme court held:

Where the attorney, prior to the completion of his contingent fee contract is disbarred or suspended, he is not entitled to collect either on the contract or quantum meruit for the services, if any, that have been rendered. *His disbarment or suspension is considered tantamount to and to have the same effect as a voluntary abandonment,* for the attorney by knowingly and willfully practicing such a course of conduct that would lead to the termination of his right to practice renders it impossible to complete the work that he engaged to perform.

*Id.*, 331 S.W.2d at 209 (emphasis added). The committee specifically stated that its opinion did not address the question of payment to a lawyer where there is no abandonment because the services are completed prior to the disbarment and the forwarding attorney and the client agree that another attorney will be substituted. Ethics Op. 432.

██ We are now faced with that specific question. After careful consideration, we decline to extend the State Bar Rule forbidding payment of attorney's fees to non-lawyers to encompass fees due a former attorney who performed all that was required of him prior to his resignation or disbarment under a client-approved referral fee contract. To do otherwise, under the

facts of this case where *no* issue of abandonment exists, would not further the rationale behind Rule 5.04. Such an interpretation would undermine the rule's integrity by artificially expanding it simply to inflict additional economic punishment on appellant.

We have found no cases which have disallowed attorney's fees where the disbarred or resigned attorney had completed all of his contractual duties prior to surrendering his license. Nor have we found any cases denying referral fees under a contingency fee contract where the disbarred attorney had the client's approval for the referral contract and had no further duties in connection with the referred case. All cases disallowing attorney's fees involved situations in which the attorney had not completed the legal work prior to his disbarment. The courts equated disbarment with a voluntary abandonment of the legal work for which the attorney had contracted but could not complete. *See* Annotation, *Attorney's Right to Compensation as Affected by Disbarment or Suspension Before Complete Performance,* 24 A.L.R.3d 1193 (1969).

██ Appellee also contends that appellant cannot recover under the referral fee contract because appellant did not have a vested right in the contingency fee proceeds. We recognize the obvious, general rule that an attorney is not entitled to recover a contingent fee, as stipulated by contract, unless the contingency occurs. 7 C.J.S. *Attorney and Client* § 188(a) (1937). Further, an executory agreement that an attorney will receive a percentage of recovery does not, ordinarily, give the attorney any legal or equitable interest in the cause of action or claim prior to reduction to judgment. *Id.* § 187(b)(2). An executory contract "is one that is still unperformed by *both* parties or one with respect to which something still remains to be done on *both* sides." *B.L. Nelson Associates, Inc. v. City of Argyle,* 535 S.W.2d 906, 909 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.) (emphasis added).

Contrary to appellee's assertion, this referral fee contract was not merely exec-

utory because it concerned a contingency fee, but was an executed and complete contract. An executed contract exists where nothing remains to be done by either party. *Id.* However, it is also well established that an executed contract is also one that is wholly performed on one side, regardless of whether or not it has been performed on the other side. *Gugenheim v. Hancock,* 231 S.W.2d 935, 938 (Tex.Civ. App.—Amarillo 1950, writ ref'd n.r.e.). *See also* Op.Tex. Att'y Gen. No. JM–834 (1987). Thus, appellee's executory contract argument provides no legal justification for inflicting retroactive punishment on appellant, no matter how much it might appear to be deserved because of the circumstances of his resignation. To hold otherwise would do serious damage to legitimate contract rights.

Appellant contracted to receive a one-third of the contingent fee earned by Cherry in exchange for the consideration of appellant's power of attorney. He performed all that he was required to do under the contract. He did not harm or deceive the client by this referral or by his forced resignation. Indeed, the client's consent to the referral contract was properly obtained and documented in writing. Appellant's resignation under threat of disciplinary action was in no way related to this referral case. Neither the rationale behind the Bar Rule nor the abandonment reasoning of *Royden* can, in our opinion, be logically stretched to artificially encompass the facts of this case without serious and unnecessary damage to contractual rights.

While it may be tempting to use this disciplinary rule to visit additional, retroactive punishment on an individual who has, by his conduct, seriously abused the privilege of practicing law, we find it is not sound law and would result in unjust enrichment to appellee.

We reverse the summary judgment granted on appellee's affirmative defense and remand the cause to the trial court for proceedings consistent with this opinion.

SEARS, Justice, dissenting.

I respectfully dissent.

The record reflects that in January 1984 appellant referred a case to appellee and appellee agreed to pay expenses and to remit one-third of the legal fee earned in the case to appellant. The client agreed in writing to the referral of the case to appellee. On March 19, 1984, appellant was publicly reprimanded by the State Bar of Texas. On April 3, 1987, the State Bar of Texas suspended appellant from the practice of law for two years, effective April 10, 1987. The court's judgment suspending appellant provided:

It is further ORDERED, ADJUDGED, and DECREED that the Respondent, James R. Lee, during said suspension is hereby enjoined from practicing law in Texas, holding himself out as an attorney at law, performing any legal services for others, *accepting any fee directly or indirectly for legal services ....* (emphasis added)

While appellant was still suspended, he resigned his license to practice law in the State of Texas in lieu of additional disciplinary action by the State Bar of Texas. On February 2, 1988, the Supreme Court of Texas accepted appellant's resignation and ordered that his law license be cancelled. In May 1989, appellee settled the case but refused to pay the referral fee to appellant who was then a non-lawyer.

Under the State Bar Rules, "[a] lawyer or law firm shall not share or promise to share legal fees with a non-lawyer...." SUPREME COURT OF TEXAS, STATE BAR RULES art. X, § 9 (Texas Disciplinary Rules of Professional Conduct) Rule 5.04(a) (1990) [hereinafter TEX. DISCIPLINARY RULES OF PROF. CONDUCT] (located in the pocket part of Volume 3 of the Texas Government Code in title 2, subtitle G app., following § 83.006 of the Government Code).

The Texas Supreme Court has addressed this issue in *Royden v. Ardoin,* 160 Tex. 338, 331 S.W.2d 206 (1960). In *Royden,* the supreme court held:

[w]here the attorney, prior to the completion of his contingent fee contract is disbarred or suspended, he is not entitled to collect either on the contract or quantum meruit for the services, if any, that have

been rendered. His disbarment or suspension is considered tantamount to and to have the same effect as a voluntary abandonment, for the attorney by knowingly and willfully practicing such a course of conduct that would lead to the termination of his right to practice renders it impossible to complete the work that he engaged to perform.

331 S.W.2d at 209.

In appellant's response to appellee's request for admissions which was attached to appellee's motion for summary judgment, appellant admitted that he resigned his license to practice law in the State of Texas "in lieu of disciplinary proceedings." He also admitted that he was not subsequently licensed to practice law in Texas or in any other jurisdiction.

While the committee on professional ethics did not answer the exact question presented in this case in Ethics Opinion 432, I would apply their rationale and take the opinion a step further. I would find that payment of legal fees to appellant would be in violation of Rule 5.04 of the Texas Disciplinary Rules of Professional Conduct and hold that an unlicensed attorney may not accept legal fees, directly or indirectly, once he has been disbarred or resigned his license to practice law in lieu of disciplinary action. I find that there is no genuine issue of material fact regarding appellant's right to collect fees under the agreement between appellant and appellee and, accordingly, I would overrule appellant's first sub-point in his point of error.

In his second sub-point, appellant contends that the trial court erred in granting appellee's motion for summary judgment because he did not waive his right to collect a fee under the agreement by resigning his license to practice law. He contends that he had fully performed his portion of the referral contract and no longer had a duty to perform any service for the client after the client acknowledged the referral in writing. The majority opinion finds no abandonment by appellant. However, I would find the resignation in lieu of disciplinary proceedings had the same effect as a voluntary abandonment, and would further find that appellant waived any right to receive fees for legal services whether they be direct legal fees or indirect referral fees. The fact that nothing remained for appellant to do under the terms of the contract is not material to the question of whether he is authorized to accept a portion of the legal fee. I would overrule the second sub-point of appellant's point of error.

In his third sub-point, appellant claims that the trial court's granting of summary judgment for appellee constituted a taking of property without due process of law in violation of the United States Constitution. However, appellant has not stated any argument or authority under this sub-point. The Texas Rules of Appellate Procedure require the argument in a brief to contain "such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." Tex.R.App.P. 74(f). I would find that appellant waived this sub-point of error. *See Lewis v. Deaf Smith Electric Cooperative, Inc.,* 768 S.W.2d 511, 512–13 (Tex.App.—Amarillo 1989, no writ); *Essex Crane Rental Corp. v. Striland Construction Company, Inc.,* 753 S.W.2d 751, 756 (Tex.App.—Dallas 1988, writ denied).

Finally, the district court order, effective April 10, 1987, suspended appellant from the practice of law and ordered that he receive no legal fees "directly or indirectly." Prior to the expiration of the suspension, appellant voluntarily resigned his license to practice law and his license to practice in Texas was cancelled. Since the initial date of suspension, appellant has never *regained* any rights to receive legal fees, directly or indirectly. I would find that judgment final and binding on appellant.

Accordingly, I would affirm the judgment of the court below.