**Doug CHERRY, Appellant,**

v.

**James R. LEE, Appellee.**

No. B14–93–00887–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 20, 1995.

George M. Bishop, Houston, for appellant.

Joe S. Maida, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

This is an appeal from a judgment awarding appellee, James Lee, an attorney referral fee. On remand from the reversal of a summary judgment, the trial court adopted the facts stated in the appellate court's decision, and only allowed evidence to be presented on the amount of the attorney's fees. We reverse and remand.

In 1984, appellee, a then-licensed attorney, referred a personal injury case to appellant. They entered a written agreement whereby appellant was to pay appellee a percentage of any legal fee he earned in the case. Subsequently, appellee resigned his license to practice law. Thereafter, appellant settled the personal injury case. Appellant refused to pay appellee his referral fee, asserting that the agreement was void because attorney's fees may not be shared with a non-lawyer. Appellant moved for summary judgment on this affirmative defense, and the trial court granted it.

Appellee appealed, and the case came before our court. We held that a non-lawyer may recover a referral fee if he was licensed when he referred the case, the referral ended his legal duties to the client, and he had performed all that was required of him under the referral contract prior to his resignation or disbarment. *Lee v. Cherry*, 812 S.W.2d 361, 363 (Tex.App.—Houston [14th Dist.] 1991, writ denied). We also held that an attorney is entitled to recover a contingent fee if the contract is executed and complete. *Id.* at 364. Accordingly, we reversed the summary judgment on a question of law and remanded the cause to the trial court for proceedings consistent with our opinion. *Id.*

On remand, the trial court held that the appellate court's opinion set out the facts of the case, and he was constrained to adopt them as the facts of the case on remand. The trial judge refused to hear any evidence on facts other than the amount of the attorney's fee. Then he rendered judgment for appellee, and appellant perfected this appeal.

The appellate court has no power to find facts; it may only set aside a finding of facts which a jury or trial judge has improperly found. *Choate v. San Antonio & A.P. Ry. Co.*, 91 Tex. 406, 44 S.W. 69 (1898); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 633–34 (Tex.1986). In the present case, the facts were never determined by a jury or the trial judge. In reciting the facts from the briefs and the record, the appellate court was merely presenting the background necessary to understand the legal issues. It was not a determination of the facts. The facts of this case must be determined by summary judgment, trial, or other manner consistent with the Texas Rules of Civil Procedure. Accordingly, we sustain appellant's first point of error and reverse and remand for a determination of the facts and application of those facts to the laws, consistent with the legal issues set forth in our prior opinion as well as in this opinion. *See Lee*, 812 S.W.2d 361.

Appellant argues in his second point of error that the trial court erred in failing to grant his motion for judgment at the conclusion of appellee's case. We disagree. Tex.R.App.P. 52(a) requires the complaining party to either obtain a ruling upon his request, objection or motion, or lodge an objection to the court's refusal to rule to preserve the complaint for appeal. The trial judge never made a ruling on appellant's request for discovery sanctions, and appellant never objected to the failure of the court to rule. There is nothing for us to review.

The trial judge prevented appellee from presenting evidence to prove his case by adopting the facts set out in the appellate decision, and refusing to hear evidence on those issues. Appellee's failure to present his case was through no fault of his own. We overrule appellant's second point of error.

We reverse and remand for proceedings consistent with this opinion.