**A.W. WRIGHT & ASSOCIATES, P.C. f/k/a Joseph Weiss, A Professional Corporation, Appellant,**

v.

**GLOVER, ANDERSON, CHANDLER & UZICK, L.L.P., Appellee.**

No. 14–97–01040–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 27, 1999.

Rehearing Overruled June 24, 1999.

Ellen B. Mitchell, Ricardo G. Cedillo, Wallace B. Jefferson, San Antonio, for appellants.

Peter M. Kelly, James B. Lewis, Arthur M. Glover, Houston, for appellees.

Panel consists of Justices ANDERSON, EDELMAN and SEARS.*

* The Honorable Ross A. Sears, Senior Justice,

**MAJORITY OPINION**

ANDERSON, Justice.

Appellant, A.W. Wright & Associates, P.C., appeals an order granting summary judgment in favor of appellee, Glover, Anderson, Chandler & Uzick, L.L.P. (Glover Anderson). Appellant asserts three points of error. In point of error one, appellant contends the trial court erred in granting Glover Anderson's motion for summary judgment because Glover Anderson failed to establish as a matter of law that appellant is not entitled to attorney's fees under the referral contracts. In point of error two, appellant asserts that the trial court erred in awarding Glover Anderson attorney's fees because it did not present summary judgment proof to support that award. Lastly, appellant contends that the trial court erred in dismissing its counterclaim for expenses incurred by appellant under the referral contracts. We reverse and remand.

### Background

Between March 1992, and March 1995, Joseph Weiss and Glover Anderson entered into numerous referral contracts which provided that Joseph Weiss would receive a specified percentage of the final recovery in the referred cases. In February 1996, Joseph Weiss was disbarred. On May 10, 1996, A.W. Wright & Associates, P.C. purchased fifty percent of the stock of Joseph Weiss, P.C. Thus, A.W. Wright & Associates is the successor corporation to Joseph Weiss, P.C. Glover Anderson brought suit seeking a declaration that the referral contracts were void because Joseph Weiss was no longer a licensed attorney and Texas law prohibits non-lawyers from receiving referral fees. Both A.W. Wright & Associates, P.C. and Joseph Weiss filed an answer and asserted a counterclaim seeking a declaration that the referral contracts are not void and payments thereunder must be made. In its motion for summary judgment, Glover Anderson

sitting by assignment.

asked the court to declare that the portions of the referral agreements requiring Glover Anderson to share attorney fees with a non-lawyer are void as a matter of law. In the motion, Glover Anderson asserted that, under the referral contracts, Joseph Weiss was to perform the day to day handling of the cases and that Joseph Weiss could not, as a disbarred attorney, provide such services, thereby eliminating Glover Anderson's obligation to comply with the contracts. Glover Anderson also asked the trial court to dismiss the counterclaim. Although not specifically set out in the summary judgment motion, Glover Anderson's motion is based on the rationale of Texas Disciplinary Rule of Professional Conduct 5.04(a). The trial court granted the motion, and A.W. Wright & Associates, P.C. appealed.

Glover Anderson concedes point of error two—it acknowledges the lack of summary judgment proof in its motion to support the award of attorney's fees under the Uniform Declaratory Judgments Act and does not oppose a remand of that issue— and three—it is not contesting appellant's entitlement to expenses it incurred under the contracts as appellant asserted in its counterclaim. Accordingly, those points of error are sustained, and we address only appellant's assertion that the trial court improperly granted summary judgment because Glover Anderson failed to establish as a matter of law that appellant was not entitled to collect attorney's fees under the referral contracts.

## Standard of Review

The question on appeal of a summary judgment is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970). When reviewing a summary judgment record, we follow these well-established rules: (1) the movant for summary judgment has the burden of showing

that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, (2) evidence favorable to the nonmovant, will be taken as true when deciding whether there is a disputed material fact issue which precludes summary judgment, and (3) every reasonable inference must be indulged in favor of the nonmovant resolving any doubts in its favor. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). Further, the appellate court will not consider evidence that favors the movant's position unless it is uncontroverted. *See Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). If the moving party fails to prove entitlement to summary judgment as a matter of law, an appellate court must remand the case for a trial on the merits. *See Flowers v. United Ins. Co. of Am.*, 807 S.W.2d 783, 785 (Tex.App.—Houston [14th Dist.] 1991, no writ).

## Fee Sharing

Rule 5.04(a) of the Texas Disciplinary Rules of Professional Conduct states that "a lawyer or law firm shall not share or promise to share legal fees with a non-lawyer." TEX. DISCIPLINARY R. PROF'L CONDUCT 5.04(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE BAR R. art. X, § 9). The rationale behind this rule is to prevent solicitation by lay persons of clients for lawyers and to avoid encouraging or assisting non-lawyers in the practice of law. *See id.* at comment 1.

In interpreting Rule 5.04, this court held in *Lee v. Cherry* that a disbarred attorney may receive referral fees as long as the attorney has completed the legal work on the case prior to his disbarment. 812 S.W.2d 361, 364 (Tex.App.—Houston [14th Dist.] 1991, writ denied). The facts in *Lee* are similar to the present case. Lee, while licensed, referred a case to Cherry. *See id.* at 361. There was a signed agreement to pay Lee a referral fee. *See id.* Lee

subsequently resigned his law license. *See id.* at 362. Thereafter, Cherry settled the referred case, but refused to pay Lee the referral fee asserting that the agreement was void and unenforceable based on Rule 5.04. *See id.* Lee sued Cherry on the referral contract, and Cherry asserted the affirmative defense that the contract was void, and that Lee had waived any claim to attorney's fees by resigning his license. *See id.* The trial court granted Cherry's summary judgment motion. *See id.*

On appeal, Cherry relied on Rule 5.04 and the concept that disbarment was tantamount to abandonment of the client as the court held in *Royden v. Ardoin,* 160 Tex. 338, 331 S.W.2d 206 (1960). In *Royden,* the court held that where an attorney is disbarred or suspended prior to the completion of his contingent fee contract, he is not entitled to collect fees for his services that had been rendered. See *id.* at 209. The attorney in *Royden* contracted to represent a client, agreeing to assist her in recovering property from her deceased son's estate. *See id* at 207. He was to be paid a portion of that recovery, but he was disbarred *before* he completed the work. *See id.* The disbarred attorney then sued the client to recover in quantum meruit. *See id.* The Texas Supreme Court held that his disbarment before completing the work was tantamount to a voluntary abandonment of the client. *See id.* at 209. Thus, the disbarred attorney was not entitled to recover. *See id.*

The *Lee* court, however, refused to extend the *Royden* holding to the particular referral fee contract at issue in that case, holding that voluntary abandonment only applies to those situations where the attorney has not completed the legal services prior to disbarment. *See Lee,* 812 S.W.2d at 363. Because Lee had performed all that was required of him under a client-approved referral fee contract prior to his resignation, this court reversed the summary judgment granted on Cherry's affirmative defense. *See id* at 364. Accordingly, the critical question presented by appellant's point of error one is whether Glover Anderson proved as a matter of law that Joseph Weiss had not completed his legal duties to the referred clients at the time that he was disbarred.

In the case at bar, Joseph Weiss was licensed at the time all referrals were made to Glover Anderson.[1] All contracts that he had with Glover Anderson were referral contracts. Appellant asserts that all legal work on these contracts was completed at the time of referral to Glover Anderson. In its response to the summary judgment motion, appellant stated that the effect of the referral was to end Joseph Weiss's legal duties to the client. Further, appellant attached to its response the affidavit of Frances Cisneros which asserts that Joseph Weiss did not perform any new legal services for a client whose case had been referred to another attorney because that referral attorney had complete autonomy with regard to the handling of the file.

Based on the language in the referral contracts, Glover Anderson contends that Joseph Weiss had not completed the legal work prior to the referrals to Glover Anderson. At issue is a sentence in the referral contracts which states: "Please be advised, that the day to day handling of the above referenced case will be handled by Frances Cisneros and Belinda Gonzales in our office. Any questions or assistance necessitated will be provided by them as they will maintain all correspondence and activity on this file in our office." In its motion for summary judgment, Glover Anderson asserted that the statement "day to day handling" shows that Joseph Weiss had not yet finished his legal work for the clients at the time of referral. Appellant, however, contends that this description of activities by Joseph Weiss refers only to

---

1. Joseph Weiss was disbarred after the date of referral in all of the referral contracts at issue in this appeal.

administrative matters, and that all legal work was completed upon referral.

 Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered. *See Coker v. Coker,* 650 S.W.2d 391, 394 (Tex.1983). A contract is ambiguous when its meaning is uncertain or doubtful or it is reasonably susceptible to more than one meaning. *See Skelly Oil v. Archer,* 163 Tex. 336, 356 S.W.2d 774, 778 (1962). We hold the language in the referral contracts between Joseph Weiss, now A.W. Wright & Associates, P.C., and Glover Anderson is uncertain and doubtful as to whether the phrase "day to day handling" contemplated the performance of future legal services by Joseph Weiss after the date of referral, and that the contracts are, therefore, ambiguous.[2] When a contract contains an ambiguity, the granting of a motion for summary judgment is improper because the interpretation of the contract becomes a fact issue. *See Coker,* 650 S.W.2d at 394. The determination of whether a contract is ambiguous is a threshold consideration because it is only *after* a contract is found to be ambiguous that parol evidence may be admitted to ascertain the true intention of the parties expressed in the instrument. *See Friendswood Dev. Co. v. McDade + Co.,* 926 S.W.2d 280, 283 (Tex.1996).

 Glover Anderson failed to establish that there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law. Because the referral contracts are ambiguous, the trial court erred in granting summary judgment for Glover Anderson.[3] The trier of

---

2. By refusing to allow parol evidence regarding the meaning of the contracts, the trial court must have believed the contracts were not ambiguous.

3. The angst expressed by the concurring opinion that this court has addressed an issue upon which the trial court was never given an opportunity to rule is unfounded because the underlying predicate, that Wright neither pled nor asserted in its summary judgment response that the referral agreements were ambiguous, is flawed. First, Texas law does not require a pleading by either party asserting a contract is ambiguous in order for a court to conclude a contract is subject to that infirmity. *See Sage Street Assocs. v. Northdale Constr. Co.,* 863 S.W.2d 438, 445 (Tex.1993) (citing *Coker,* 650 S.W.2d at 393).

Second, Wright is not here raising the issue of ambiguity for the first time on appeal. The trial court was presented with the issue of ambiguity in the referral contracts, first in Wright's response to the summary judgment motion, and then in Glover Anderson's reply to that response. Wright noted in his response to the summary judgment motion that the summary judgment proof raised a fact issue as to the meaning of the term "day to day handling" insofar as it related to Weiss's legal responsibility after the date of referral. The issue of ambiguity emerged into clear view in Glover Anderson's reply wherein it denied any ambiguity in the contracts, and bolstered that argument by erroneously, in light of *Sage Street,* asserting that "Wright is

... precluded from raising ambiguity as a fact issue because ambiguity has never been pleaded by either party." At a minimum, Glover Anderson believed Wright had raised the issue of ambiguity before the trial court, and because the trial court had that reply before the summary judgment hearing on May 5, 1997, the trial court could consider it. *See* TEX. R. CIV. P. 166a(c).

Third, on appeal Wright brought a general point of error asserting that the trial court erred in granting summary judgment for Glover Anderson because the movant did not establish as a matter of law that Wright was not entitled to attorney's fees under the contracts. This is a *Malooly* point of error, which is sufficient to allow argument as to all possible grounds upon which summary judgment should have been denied. *See Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970). Wright asserted in connection with this point of error that the referral contracts are ambiguous. Thus, we conclude that the issue of ambiguity was presented to the trial court, and Wright properly presented the issue on appeal, thereby allowing the court below and this court to address that question of law. Even if the issue of ambiguity is raised for the first time on appeal we may nevertheless review the instrument upon which the dispute is based to determine if its meaning is uncertain. *See Coker,* 650 S.W.2d at 393; *see also Highlands Manage. Co. v. First Interstate,* 956 S.W.2d 749, 752 n. 1 (Tex.App.—Houston [14th Dist.] 1997, pet. denied) (addressing the issue of ambiguity on

fact must resolve the ambiguity by determining the true intent of the parties. *See id.* at 394–95.

Accordingly, we sustain appellant's three points of error, reverse the judgment of the trial court, and remand this cause to the trial court for further action not inconsistent with this opinion.

EDELMAN, Justice, concurring.

Glover moved for summary judgment in this case on the ground that:

> Under the terms of the referral contract[s], the day-to-day handling of the cases was to be performed by Joe Weiss & Associates. Weiss could not complete that contract requirement after he had been disbarred. Accordingly, [Glover] cannot, and should not, pay any portion of the attorney fees it earns on these cases to Joe Weiss, his professional corporation, or any person claiming through them.

An affidavit attached to Glover's motion specified that all of the cases in question either had or would have judgments or settlements reached and any proceeds collected after the date Weiss was disbarred.[1]

Wright's summary judgment response argued that the referral agreements did not obligate Weiss to perform any legal work and that a fact issue was raised as to the level of Weiss's involvement in the cases after the effective date of the referral agreements. However, it did not contend that the referral agreements were ambiguous. On appeal, Wright argues that: (i) the referral agreements did not

require the rendition of any legal services by Weiss; (ii) the referral agreements are ambiguous as to whether "day to day handling" refers to handling legal matters or purely administrative matters; and (iii) Glover failed to sustain its summary judgment burden to prove that Weiss had any obligation to perform legal services under the referral agreements or that he failed to complete any such obligations before he was disbarred.

This case turns on an interpretation of whether the referral agreements obligated Weiss to continue performing legal work, and, if so, what legal work and for how long. This is because, if Weiss did not remain obligated to perform legal work, then any fact question concerning what happened after the agreements were entered is not material.

The majority opinion bases its reversal on a finding that the referral agreements are ambiguous and thereby present a fact question as to their meaning. Although I agree that the agreements are ambiguous, I would note that, as described below, an anomaly has emerged in the case law concerning whether such an ambiguity in an agreement may be a ground for reversal of a summary judgment if it is only raised by the non-movant for the first time on appeal.

As general rules: (1) whether a contract is ambiguous is a question of law for the court;[2] (2) the interpretation of an unambiguous contract is a question of law for the court;[3] (3) the interpretation of an ambiguous contract is a question of fact;[4] (4) where the parties have not claimed

appeal from a summary judgment even though neither party specifically alleged during the trial proceedings that the instrument was ambiguous).

1. A non-lawyer may recover a referral fee if he was licensed when he referred the case, the referral ended his legal duties to the client, and he had performed all that was required of him under the referral contract prior to his resignation or disbarment. *See Cherry v. Lee,* 899 S.W.2d 329, 330 (Tex. App.—Houston [14th Dist.] 1995, no writ). In this case, Glover's motion for summary

judgment did not state what legal services Weiss remained obligated to perform under the referral agreements or for how long.

2. *See, e.g., State Farm Fire and Cas. Co. v. Vaughan,* 968 S.W.2d 931, 933 (Tex.1998).

3. *See, e.g., ACS Investors, Inc. v. McLaughlin,* 943 S.W.2d 426, 430 (Tex.1997).

4. *See, e.g., Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.,* 940 S.W.2d 587, 589 (Tex.1996).

ambiguity, the interpretation of a contract is decided by the court as a question of law;[5] (5) issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal;[6] and (6) except for the legal sufficiency of the evidence to support a summary judgment, a non-movant may not, on appeal, raise any ground for reversing the summary judgment that was not presented to the trial court by written response to the motion.[7]

Wright neither pled nor asserted in its summary judgment response that the referral agreement was ambiguous.[8] On the contrary, it's response took the position that the language should be interpreted in its favor.[9] It then asserted that a fact issue existed as to what involvement Wright had in the cases *after* the agreements were entered: "At this juncture, it is apparent that, at a minimum, a fact issue is raised as to the level of involvement of [Wright] after the effective date of the referral Agreements with respect to whether a question of "abandonment" exists under *Cherry*."

Under the foregoing rules, Wright would not be able to raise ambiguity for the first time on appeal, nor would an appeals court be able to determine that the agreements were ambiguous *sua sponte* . However, in at least one case, the Texas Supreme Court has reversed a summary judgment because an ambiguity in the disputed agreement created a fact issue, even though both parties asserted that the agreement was unambiguous and sought summary judgment based on his or her respective interpretation. *See Coker v. Coker*, 650 S.W.2d 391, 392, 394–95 (Tex. 1983).[10] Although a reversal of this case based on a finding of ambiguity is consis-

---

**5.** *See, e.g., Memorial Med. Ctr. v. Keszler*, 943 S.W.2d 433, 434 (Tex.1997) (per curiam).

**6.** *See* TEX. R. CIV. P. 166a(c).

**7.** *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *see also Yancey v. Floyd West & Co.*, 755 S.W.2d 914, 917 (Tex.App.—Fort Worth 1988, writ denied) (holding ambiguity waived by failure to raise it in the trial court); *Dorchester Dev. Corp. v. Safeco Ins. Co.*, 737 S.W.2d 380, 383 (Tex.App.—Dallas 1987, no writ) (same).

**8.** Nor did Glover's reply to White's summary judgment response address ambiguity as if White's response had asserted it. Rather, Glover's reply simply objected to White's parol evidence on the ground that it was not admissible to vary the terms of the unambiguous referral agreements. A footnote to Glover's reply asserted that White was also precluded from asserting ambiguity because it had not been pled by either party.

**9.** The pertinent portion of the response stated: The above-referenced referral-letter language actually only indicated that Frances Cisneros and Belinda Gonzales, as non-attorneys working in the referral department of [Wright], were responsible solely for the periodically checking with the referral attorney to make sure that [Wright] would timely receive its referral fee. . . . The duties of Frances Cisneros and Belinda Gonzales did *not* include drafting any discovery, the making of any court appearances, the forming of any strategy with regard to the handling of the case, the drafting or approving of any pleadings, or the taking of any other substantive action associated with the legal representation of any particular client. Once a file was referred to the referral attorney, that referral attorney had complete autonomy with regard to the handling of the file. The effect of the referral to [Glover] was to end [Wright's] legal duties to the client; this is apparent when one considers that it was non-attorneys who were responsible for the "day to day handling" of the referral cases. Many of these cases settled years after the date of the particular Referral Agreement and these individuals were responsible for making sure none of the cases slipped through the cracks.

**10.** *Compare Calhoun v. Killian*, 888 S.W.2d 51, 54 (Tex.App.—Tyler 1994, writ denied) (stating that if a document is ambiguous, it cannot support a summary judgment, since its meaning raises a fact issue, even if the parties fail to allege the ambiguity) *with Praeger v. Wilson*, 721 S.W.2d 597, 600 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.) (stating that where neither party has alleged that a contract is ambiguous, or ambiguity is raised for the first time on appeal, construction of the contract is a question of law for the court).

tent with *Coker*, it is not apparent to me how that approach can be reconciled with the rules outlined above, particularly in that it allows a judgment to be reversed on an issue upon which the trial court was never given an opportunity to rule.[11]

---

**11.** Although not pertinent to this case, it is also not apparent how the approach followed in *Coker* can be reconciled with the rule prohibiting reversal of judgments on unassigned error. *See, e .g., Pat Baker Co., Inc. v. Wilson,* 971 S.W.2d 447, 450 (Tex.1998); *Vawter v. Garvey,* 786 S.W.2d 263, 264 (Tex.1990).