Opinion issued June 2, 2005










In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00561-CV
__________
 
PAULA ROBNETT, Appellant
 
V.
 
THE KIRKLIN LAW FIRM, Appellee
 

 
 
On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 200045780
 

 
 
                                                       O P I N I O N

          This dispute concerns competing rights to attorney’s fees under contingency-fee contracts that appellant, Paula Robnett, referred to appellee, the Kirklin Law Firm
(the firm), at least one of which the firm, in turn, referred to a third law firm. The
firm prevailed by summary judgment after intervening in the trial-court cause, the
“Thomas” case,


 seeking a declaration that it was entitled to attorney’s fees in that
lawsuit and in a second action, the “Trutec” case.


 Appellant, Paula Robnett, opposed
the firm’s intervention and claimed competing rights to the fees. The firm opposed
Robnett’s challenge and sought traditional summary judgment on its intervention
claim on the grounds that, when Robnett signed the initial, contingency-fee contracts
in both cases, her license to practice law in Texas had been suspended for
nonpayment of her attorney-occupation tax and for failing to meet requirements under
the Texas Guaranteed Student Loan Program. The trial court rendered summary
judgment in favor of the firm and enjoined Robnett from seeking attorney’s fees from
her former clients in both cases.


 In rendering summary judgment, the trial court
ruled that Robnett was not retroactively reinstated when she executed the
contingency-fee contracts in either the Thomas case or the Trutec case, that the firm
was entitled to $15,542.13, or one-half of the funds deposited in the court’s registry,
and that Robnett could not seek attorney’s fees in the Thomas case and was not
entitled to receive any attorney’s fees in the Trutec case. 
          Robnett challenges the summary judgment in five issues. She argues that her
bar memberships were reinstated retroactively as a matter of law, and that her initial,
contingency-fee contracts were therefore valid, which precludes summary judgment
in favor of the firm. She also contends that the firm had no standing to challenge the
validity of her initial contract because her former clients in the Thomas case later
ratified their initial, contingency-fee contract; she contends, alternatively, that
whether her former clients ratified their earlier contract presents a factual dispute that
precluded summary judgment. Finally, Robnett contends that the trial court
improperly enjoined her from seeking referral fees under her initial contracts. 
          We hold that Robnett’s bar-membership suspensions were not retroactively
reinstated; that her contingency-fee contracts in both the Thomas and Trutec cases,
which were signed during two periods of suspended licensure, were therefore void;
and that Robnett did not timely present her remaining issues to the trial court. 
Because the firm established its right to summary judgment as a matter of law, we
affirm.
Undisputed Facts and Procedural History
          Robnett and her former clients, the plaintiffs in the trial-court cause, the
Thomas case, signed their initial, 40% contingency-fee contract on October 19, 1998. 
When she signed the contract, however, Robnett had been suspended from practicing
since September 1, 1998 for nonpayment of attorney’s occupation tax. See Tex. Tax
Code Ann. § 191.1441 (Vernon 2002); see also State Bar R. art. III, § 8, reprinted
in Tex. Gov’t Code Ann., tit. 2, subtit. G app. A (Vernon 2005) (State Bar Rules
confirming requirements and penalties). Robnett was not reinstated for this violation
until October 30, 1998. Robnett and her former clients in the Trutec case signed their
initial, contingency-fee contract in that case on January 27, 2000. Two days earlier,
however, on January 25, 2000, Robnett was suspended from practicing law for
noncompliance with Supreme Court of Texas rules governing minimum repayment
requirements under the Texas Guaranteed Student Loan program. See Tex. Gov’t
Code Ann. § 82.022(c) (Vernon 2005); Order of the Supreme Court of Texas, June
18, 59 Tex. B. J. 844 (1996). Robnett was not licensed, therefore, and was precluded
from practicing law when she signed both contracts.


 Both the Thomas contract and
the Trutec contract authorize attorney’s fee sharing, through provisions permitting
involvement of other attorneys to prosecute the respective claims. 
          On February 20, 2001, the firm and Robnett negotiated a letter agreement to
split, equally, the 40% contingency-based attorney’s fees relating to the Thomas case. 
Under the agreement, the firm would thereafter advance the necessary expenses of the
litigation to Robnett’s former clients. On the same day, Robnett transferred the entire
case to the firm, and the firm agreed to pay Robnett one-half of the 40% contingency
fees. 
          Robnett and the firm executed a similar agreement, on January 22, 2001, to
share attorney’s fees in the Trutec case. Robnett’s client in the Trutec case terminated
the contract with Robnett on November 13, 2001, however, and, on the same day, the
firm notified Robnett that it would not share fees with her, as contemplated by the
January 22, 2001 agreement.
          On January 14, 2002, Robnett’s clients in the Thomas case terminated their
contracts with both Robnett and the firm and hired new counsel. Despite the
competing claims for attorney’s fees asserted by Robnett and the firm, new counsel
settled the case. Pursuant to the order of the trial court, defense counsel for Thomas
deposited $31,084.26 into the trial-court registry pending resolution of the competing
claims to that sum under the firm’s intervention claim and Robnett’s counterclaim. 
          The firm moved for traditional summary judgment on the grounds that Robnett
had fraudulently induced the firm to undertake duties imposed by her initial,
contingency-fee contracts in both the Thomas and Trutec cases because, unknown to
the firm, Robnett had been suspended from practicing law when those contracts were
executed, which invalidated those contracts as a matter of law. The firm requested
that Robnett be precluded from asserting any rights under the contracts. The firm
supplied verified, summary judgment proof, in the form of documentary evidence of
Robnett’s suspensions, provided by the Supreme Court of Texas, which showed that
Robnett was not reinstated until after each of the contracts had been executed. The
firm also provided verified proof of the following: Robnett’s former clients in the
Trutec case had terminated their contract with her on November 13, 2001, the firm
disclaimed any obligation to Robnett for the Trutec case on the same date, and
Robnett’s former clients in the Thomas case terminated their contract with her on
January 14, 2002. 
          Robnett timely responded to the firm’s motion for summary judgment by
acknowledging that she had been “administratively suspended” on several occasions,
but claimed that she was consistently reinstated retroactively, pursuant to section 7
of the State Bar Rules. See State Bar R. art. III, § 7(A), reprinted in Tex. Gov’t
Code Ann., tit. 2, subtit. G app. A (Vernon 2005) (providing for retroactive 
restoration of former status on removal of default for “nonpayment of dues or
assessments”).


 Robnett also argued, in the alternative, that even disbarred attorneys
may recover referral fees under Texas law. 
          The firm’s motion for summary judgment was set to be heard on October 25,
2002. On October 26, 2002, the plaintiffs in the Thomas case signed a settlement
agreement for their wrongful death and personal injury claims, in which they also
covenanted not to sue the firm or its principals concerning their representation. 
Robnett and the firm signed the settlement agreement. In January 2003, the trial court
ordered that funds be deposited into the registry of the court and that funds due to the
Thomas plaintiffs under the settlement be released. Certain funds remained in the
court registry pending resolution of the fee dispute between Robnett and the firm. 
          The trial court rendered summary judgment on February 27, 2003. On the
same day, without having sought leave to file a late response, Robnett filed her
supplemental response to the firm’s motion for summary judgment. 
Standard of Review
          In moving for summary judgment under rule 166a(a) on its intervention claim,
the firm had the burden to prove that it was entitled to judgment by establishing each
element of its claim or defense as a matter of law, or by negating an element of the
claim or defense of the opposing party, in this case, Robnett, as a matter of law. See
Tex. R. Civ. P. 166a(a)–(b) (comment). Summary judgment is proper only when the
movant establishes that there is no genuine issue of material fact and that it is entitled
to judgment as a matter of law. Rhône-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222
(Tex. 1999); Jones v. Legal Copy, Inc., 846 S.W.2d 922, 924 (Tex. App.—Houston
[1st Dist.] 1993, no writ). In reviewing a summary judgment, we assume that all
evidence favorable to the non-movant is true, Walker v. Harris, 924 S.W.2d 375, 377
(Tex. 1996), and indulge every reasonable inference and resolve any reasonable doubt
in the non-movant’s favor. Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911
(Tex. 1997); Jones, 846 S.W.2d at 924. 
          Once the movant establishes that it is entitled to summary judgment, the
nonmovant can defeat that showing only by producing evidence that raises a fact
issue. Walker, 924 S.W.2d at 377; Haight v. Savoy Apartments, 814 S.W.2d 849, 851
(Tex. App.—Houston [1st Dist.] 1991, writ denied). 
Retroactive Reinstatement — Validity of Initial Contracts
A.      Retroactivity of Reinstatements Following Suspensions for Nonpayment
of Student Loans and Attorney-Occupation Tax 

          Robnett’s first issue challenges the trial court’s rulings by claiming that her
reinstatements on October 30, 1998 and February 18, 2000 operated retroactively and
therefore validated the contingency-fee contracts that she executed with her former
clients in the Thomas and Trutec cases. 
          Robnett bases her contention that she was reinstated retroactively on article III,
section 7 of the State Bar Rules. See State Bar R. art. III, § 7(A), reprinted in Tex.
Gov’t Code Ann., tit. 2, subtit. G app. A. Section III of the rules pertains only to
membership in the bar and imposes a duty to pay membership fees. Id. art. III, § 3. 
Section 5 of article III provides for suspension of a member of the bar who is in
default of payment of membership fees or any assessment levied by the Supreme
Court of Texas


 and further provides that “[a]ny practice of law during such
suspension shall constitute professional misconduct and subject the member to
discipline.” Id. art. III, § 5. Section 7(A) of article III, however, provides that when
an attorney remedies her suspension for nonpayment by removing the default, as
provided in section 7, “the suspension shall automatically be lifted and the member
restored to former status . . . retroactive to inception of suspension,” but without
affecting any disciplinary proceedings. Id. art. III, § 7(A); see Satterwhite v. State,
979 S.W.2d 626, 628-29 (Tex. Crim. App. 1998). Article XII of the State Bar Rules
contains similar provisions for retroactive reinstatement for suspensions premised on
noncompliance with minimum continuing legal education requirements (MCLE). See
State Bar R. art. XII, §§ 8, 10, reprinted in Tex. Gov’t Code Ann., tit. 2, subtit.
G app. A (Vernon 2005). 
          Robnett concedes that she was suspended from the practice of law when she
entered into the contingency-fee contracts for the Thomas and Trutec cases. She also
recognizes that the suspensions on which the firm relied in challenging the validity
of the contracts she assigned to the firm derive from her failure to pay her attorney-occupation tax and her lack of compliance with the Guaranteed Student Loan
Program and were not premised on either nonpayment of dues and assessments
required by article III of the State Bar Rules or on her noncompliance with the MCLE
requirements imposed by article XII of the rules. Robnett argues, however, that her
reinstatements after suspension for nonpayment of her attorney-occupation tax and 
student loans should also be treated as effecting retroactive reinstatement, in the same
manner as reinstatements under article III, section 7(A) and article XII, section 10 of
the State Bar Rules after suspension for nonpayment of dues and noncompliance with
MCLE requirements. We disagree.
1.       Reinstatement Following Suspension for Nonpayment of Attorney-
Occupation Tax

          Section 191.142 of the Tax Code imposes an annual tax of $200.00 on Texas
lawyers, except those exempted by section 191.144. Tex. Tax Code Ann. §§
191.142(a)-(b), 191.144(1)-(2) (Vernon 2002). The Tax Code requires the supreme
court to administer the tax and authorizes the supreme court to suspend noncomplying
attorneys from the practice of law. Tex. Tax Code Ann §§ 191.1431, 1441(a)
(Vernon 2002). The statute also authorizes reinstatement as follows: “An attorney
who is suspended under Subsection (a) [of section 1441] shall be reinstated on
payment of the tax and any interest and penalties.” Id. In contrast to the State Bar
Rules governing reinstatement following suspension for nonpayment of dues or
noncompliance with MCLE requirements, the Tax Code does not provide for
retroactive reinstatement after suspension for nonpayment of the attorney-occupation
tax. Consistent with the Tax Code provisions, article III, section 8(g) of the State Bar
Rules also provides for reinstatement of the attorney suspended for nonpayment of
the attorney-occupation tax “on payment of the tax and any interest and penalties,”
but does not provide for retroactive reinstatement. State Bar R. art. III, § 8(g).
          In construing a statute, we must presume that the Legislature intended the
entire statute to be effective, and that it intended a just and reasonable result. See
Tex. Gov’t Code Ann. § 311.021(2), (3) (Vernon 2005) (Code Construction Act);
see also Fleming Foods, Inc. v. Rylander, 6 S.W.3d 278, 284 (Tex. 1999) (noting, as
“cardinal rule,” that courts construing statutes give effect to intent of Legislature). 
In discerning legislative intent, we may presume that omissions in newly enacted
statutes are intentional. In re Ament, 890 S.W.2d 39, 41 (Tex. 1994). 
          Robnett contends that the retroactivity provisions of article III, section 7(A) of
the State Bar Rules should control here. We note, however, that under article III’s
default provisions, section 5, article III applies to “fees or any assessment levied by”
the Supreme Court of Texas. State Bar R. art. III, § 5; see State Bar R. art. I (9)
(defining “court”). Under the Tax Code, by contrast, the Legislature—not the
supreme court—levies and assesses the attorney-occupation tax. See Tex. Tax Code
Ann § 191.142(b) (Vernon 2002). The supreme court’s role under the Tax Code,
therefore, is limited to administering collection of tax. See Tex. Tax Code Ann §
191.1431; State Bar R. art. III, § 8. 
          Because neither the Tax Code nor the State Bar Rules provides for retroactive
reinstatement for suspensions arising from nonpayment of attorney-occupation tax, we
conclude that the trial court correctly ruled that Robnett was not retroactively
reinstated on October 30, 1998, when the contingency-fee contract in the Thomas case
was signed. Because Robnett was thus still suspended from the practice of law when
the Thomas contract was signed, she had no authority to enter into that contract. 
2.       Reinstatement Following Suspension for Nonpayment of Student Loans
          In extending rule-making authority to the supreme court for licensing attorneys,
the Legislature authorized the court to adopt rules “relating to the nonrenewal of the
license of a lawyer who is in default on a loan guaranteed under Chapter 57 [of the]
Education Code, by the Texas Guaranteed Student Loan Corporation.” Tex. Gov’t
Code Ann. § 82.0222(c) (Vernon 2005). The rules enacted by the supreme court
pursuant to this authority require suspension and state as follows:
Unless the attorney submits satisfactory evidence of compliance, or
establishes error, the attorney’s license is suspended. The court will
remove the suspension upon presentation of satisfactory evidence that the
attorney has entered a repayment agreement on the defaulted loan(s).
 
Order of the Supreme Court of Texas, June 18, 1996, 59 Tex. B. J. 844 (1996). 
          Like the Tax Code and article III, section 8(g) of the State Bar Rules, the
supreme court’s order has no provision for retroactive reinstatement. The supreme
court’s order imposes no “fees or assessments” that might, arguably, trigger the
retroactivity provisions of article III, section 7(A), but simply effects suspension with
no provision for retroactive reinstatement. We again conclude, therefore, that Robnett
relies mistakenly on article III, section 7(A)’s retroactivity provision. See State Bar
R. art. III, § 5, art. I (9).
          We hold that the trial court correctly ruled that Robnett remained under
suspension from the practice of law and was not retroactively reinstated on January
27, 2000, when the contingency-fee contract in the Trutec case was signed. 
          We overrule Robnett’s first issue.
 

Right to Fees As a Matter of Law?
          In her fourth issue, Robnett alternatively contends that she is entitled, as a
matter of law, to recover attorney’s fees under the contingency-fee contracts that she
generated, despite being suspended from the practice of law when she signed them,
pursuant to A.W. Wright & Assoc. v. Glover, Anderson, Chandler & Uzick, L.L.P., 993
S.W.2d 466 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) and Lee v. Cherry,
812 S.W.2d 361 (Tex. App.—Houston [14th Dist.] 1991, writ denied). Robnett’s
reliance on A.W. Wright and Lee is misplaced. 
          In A.W. Wright, our sister court recognized its prior holding in Lee, which
upheld the rights of a disbarred attorney to receive attorney’s fees negotiated before
referring the case to a different law firm. Id. at 468 (citing Lee, 812 S.W.2d at 364). 
In Lee, the attorney seeking to enforce a referral-fee agreement had voluntarily
resigned his law licence. See id. at 362. In each case, however, the attorney asserting
a right to fees had completed his personal legal work on the case and relationship with
the referred clients before becoming separated from the bar, by disbarment in A.W.
Wright, and by voluntary relinquishment in Lee. A.W. Wright, 939 S.W.2d at 469;
Lee, 812 S.W.2d at 363. Here, by contrast, Robnett initiated both the Thomas and
Trutec contracts while suspended from the bar. Accordingly, the rule first enunciated
in Lee and reaffirmed in A.W. Wright does not apply. 
          We overrule Robnett’s fourth issue.
Contentions Not Timely Presented to the Trial Court
          Rule 166a(c) and settled law construing rule 166a(c) impose deadlines for filing
a summary judgment motion and any response to the motion. See Tex. R. Civ. P.
166a(c); see also Benchmark Bank v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996)
(“Summary judgment evidence may be filed late, but only with leave of court.”); INA
of Texas v. Bryant, 686 S.W.2d 614, 615 (Tex. 1985) (presuming that trial court did
not consider late-filed summary judgment response because summary judgment did
not reflect that trial court granted leave to file). 
          The firm filed its motion for summary judgment on October 1, 2002, and set it
for a hearing on October 25, 2002. Robnett timely filed her initial response, but did
not file her supplemental response to the firm’s motion until February 27, 2003. 
Although the attorney’s-fee dispute was the only matter still pending after the parties
to the Thomas case had settled in late December 2002, and although funds had been
deposited into the court’s registry and distributed pursuant to the trial court’s orders
in January 2003, nothing in the record suggests that Robnett had sought leave from the
trial court when she late-filed her response on February 27, 2003, the same day on
which the trial court rendered final summary judgment for the firm. 
          Robnett’s second, third, and fifth issues assert evidentiary and substantive
arguments from her late-filed supplemental response. In her second issue, Robnett
relies on affidavits, provided by her former clients in the Thomas case, in support of
Robnett’s contention that summary judgment in favor of the firm was precluded
because the former clients orally ratified their initial, contingency-fee contract with
Robnett. Despite the allegations in the firm’s pleadings, that Robnett fraudulently
induced the firm to accept both the Thomas case and the Trutec case, by not disclosing
that her license was suspended when both contracts were signed, Robnett contends,
in her third issue, that the firm may not challenge the validity of the original contracts. 
Finally, although Robnett never asserted any objection or exception to the firm’s
reliance on the Trutec contract in support of its intervention claim and relied on the
Trutec contract in refuting the firm’s intervention claim, Robnett’s fifth issue
challenges the trial court’s encompassing issues concerning Robnett’s right to
attorney’s fees in the Trutec case in the final summary judgment. 
          Because Robnett did not timely present any of these contentions to the trial
court and did not seek leave to present them, we may presume that the trial court did
not consider her contentions in rendering summary judgment in favor of the firm. See
Tex. R. Civ. P. 166a(c); Crowder, 919 S.W.2d at 663; INA of Texas, 686 S.W.2d at
615. Because we presume that the trial court did not consider them, we may not
consider them as grounds for reversing the summary judgment. See Tex. R. Civ. P.
166a(c) (“Issues not expressly presented to the trial court by written motion, answer,
or other response shall not be considered on appeal as grounds for reversal.”).
 We overrule Robnett’s second, third, and fifth issues. 
Conclusion
          We affirm the judgment of the trial court.
 
 
Elsa Alcala
                                                                        Justice
 
Panel consists of Justices Taft, Alcala, and Higley.