MEMORANDUM OPINION


No. 04-07-00225-CV


Jimmy REED, Jr. Individually and d/b/a Reed Exposition Midway,

Appellant


v.


H. Jack PYTEL, Jr.,

Appellee


From the 166th Judicial District Court, Bexar County, Texas

Trial Court No. 2005-CI-06247

Honorable David A. Berchelmann, Jr., Judge Presiding


Opinion by: Sandee Bryan Marion, Justice

 

Sitting: Catherine Stone, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: December 19, 2007


REVERSED AND REMANDED



 This is an appeal from a summary judgment in favor of appellee, H. Jack Pytel, Jr. The
underlying lawsuit was brought by Pytel against appellant, Jimmy Reed, Jr. individually and doing
business as Reed Exposition Midway ("Reed"). We reverse and remand for further proceedings.



BACKGROUND

 Reed is a sole proprietorship that provides carnival rides, entertainment, and concessions for
festivals. In 2001, the San Antonio Fiesta Commission and Reed entered into a Fiesta Carnival and
Parade Route Concessions Contract. Because the Fiesta Contract required approval from the San
Antonio City Council, Reed entered into a contract ("the August 2001 contract") with Pytel's law
firm, pursuant to which Pytel would undertake lobbying efforts with the City of San Antonio on
Reed's behalf. The City eventually awarded the contract to Reed for an initial three-year term of
2002 through 2004. The Fiesta Contract allowed the Commission, with City approval, to extend the
term of the contract for an additional two years. When the primary term ended in 2004, the City
awarded Reed the contract for 2005 and 2006.

 Under the August 2001 contract, Pytel agreed to provide "legal representation as well as
lobbying" services to Reed "for the term of the Carnival and Parade Route Concessions Fiesta 2002 -
2004." Reed agreed to pay $25,000 per year "to H. Jack Pytel, Jr. and Associates, L.L.C. plus
expenses . . . for the life of the contract with the City of San Antonio." The contract also provided
that if "the 2 year option [contained in the Fiesta Contract] be exercised, a new undisclosed
[payment] amount shall be agreed to between the parties of this contract." Reed paid the fee for
2002, but when Reed did not pay the $25,000 fee for 2003, Pytel sued. When Reed failed to answer,
Pytel took a default judgment against him. Shortly after the default judgment was rendered, Pytel
and Reed entered into a "Judgment payment agreement," pursuant to which Reed agreed to pay the
$25,000 fee for 2003. Reed eventually paid the fee for 2003, and the parties entered into a second
"Judgment payment agreement," pursuant to which Reed agreed to pay the $25,000 fee for 2004. 
When Reed did not pay the 2004 fee, Pytel filed the underlying lawsuit, in which he sought to
recover the 2004 fees as well as the 2005 and 2006 fees. Pytel moved for summary judgment, which
the trial court granted. This appeal by Reed ensued.DISCUSSION

 In Pytel's petition, he alleged Reed breached the August 2001 contract by refusing to pay the
agreed-upon fees. Pytel sought damages in the amount of $25,000 for the unpaid 2004 fees and
anticipatory damages in the amount of $50,000 for 2005 and 2006. Pytel later moved for a
traditional summary judgment on his breach of contract claim and a no-evidence motion for
summary judgment on any of Reed's defenses. The trial court rendered judgment in favor of Pytel,
awarding him $100,000 for fees for the contract years of 2003 through 2006. On appeal, Pytel
concedes the judgment should be reformed to award damages in the amount of $75,000 for the
contract years 2004 through 2006.

 In his no-evidence motion for summary judgment, Pytel stated there was "no evidence of any
defensive matter pled by [Reed] which would defeat [Pytel's] claims . . . ." (1) In his response, Reed
raised a number of defensive allegations, including that Pytel did not have capacity to prosecute any
claims on behalf of H. Jack Pytel, Jr. & Associates, L.L.P.; the August 2001 contract was voidable
due to expiration of the firm's status as a domestic limited liability partnership; Reed should be
excused from performance of the contract because Pytel is precluded from accepting legal fees based
upon his disbarment from the practice of law; Pytel did not perform under the contract; and Reed
was forced to sign the "Judgment payment agreements" under duress.

 A no-evidence summary judgment motion is improperly granted when the non-movant brings
forth more than a scintilla of probative evidence that raises a genuine issue of material fact. Tex.
R. Civ. P. 166a(i); Gomez v. Tri City Cmty. Hosp., Ltd., 4 S.W.3d 281, 283 (Tex. App.--San
Antonio 1999, no pet.). More than a scintilla of evidence exists if the evidence would allow
reasonable and fair-minded people to differ in their conclusions. Forbes, Inc. v. Granada
Biosciences, Inc., 124 S.W.3d 167, 172 (Tex. 2003). Less than a scintilla of evidence exists if the
evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. Id. 

 Reed provided summary judgment evidence in support of at least one of his defensive
allegations. In support of his argument that the amount, if any, owed for contract years 2005 and
2006 is in dispute and in support of his argument that he should be excused from performance of the
contract because Pytel was precluded from accepting legal fees based upon his disbarment, Reed
relied on his affidavit as well as a copy of the Texas Supreme Court's October 31, 2005 order
cancelling Pytel's law license and prohibiting Pytel from practicing law in the State of Texas as well
as "accepting any fee directly or indirectly for legal services." In his affidavit, Reed asserts as
follows:

 As part of the contract, H. Jack Pytel, Jr. & Associates, L.L.P. would earn
$25,000 for the years 2002-2004 inclusive if I were the licensee for the Fiesta
carnival and parade. Because the Fiesta commission had the right to terminate the
contract at any time, my payment to H. Jack Pytel, Jr. & Associates, L.L.P. was
contingent on my status as licensee. H. Jack Pytel, Jr. & Associates, L.L.P. would
not earn its money unless it provided the requisite legal services. We never agreed
to any amount to be paid during the years 2005 and 2006.

Thus, Reed's affidavit raised the issue of whether Pytel was required to render on-going legal
services and the amount of fees, if any, owed for 2005 and 2006. The Supreme Court's order of
disbarment raised a fact issue on whether Pytel had completed his legal duties at the time he was
disbarred. See Lee v. Cherry, 812 S.W.2d 361, 363-64 (Tex. App.--Houston [14th Dist.] 1991, writ
denied) (attorney who has completed his or her personal legal work before becoming disbarred or
separated from the bar may assert a right to a fee after disbarment).

 Reed brought forth more than a scintilla of evidence on one or more of his defensive
allegations; therefore, the trial court improperly rendered a no-evidence summary judgment in favor
of Pytel. Because we reverse the summary judgment in favor of Pytel on Reed's defenses, we do not
address whether the trial court improperly rendered a traditional summary judgment in favor of Pytel
on Pytel's breach of contract claim.

CONCLUSION

 We reverse the trial court's judgment and remand for further proceedings consistent with this
opinion.


 Sandee Bryan Marion, Justice



 

1. A no-evidence motion for summary judgment "must state the elements as to which there is no evidence." See
Tex. R. Civ. P. 166a(i). A no-evidence motion for summary judgment is legally insufficient as a matter of law if it is
not specific in challenging a particular element or is conclusory. McConnell v. Southside Ind. Sch. Dist., 858 S.W.2d
337, 342 (Tex. 1993) (motion that fails to present grounds is legally insufficient as a matter of law). Pytel's no-evidence
motion for summary judgment is conclusory. However, on appeal, Reed does not object to the lack of specificity;
therefore, we may not address this as a basis for reversing the no-evidence summary judgment.