938 A.2d 947 (2008)
397 N.J. Super. 588
EICHEN, LEVINSON & CRUTCHLOW, LLP, Plaintiffs-Appellants
v.
A. Kenneth WEINER, Defendant, and
Darren M. Gelber, Esq. as Attorney-Trustee for A. Kenneth Weiner, Defendant/Intervenor-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued December 17, 2007.
Decided January 15, 2008.
*948 Christian R. Mastondrea, Edison, argued the cause for appellant (Eichen Levinson & Crutchlow, LLP, attorneys; Mr. Mastondrea, on the brief).
Darren M. Gelber, respondent, argued the cause pro se.
Before Judges S.L. REISNER, GILROY and BAXTER.
The opinion of the court was delivered by
BAXTER, J.A.D.
This appeal centers upon the interpretation of Rule 1:20-20(b)(13). Specifically, we are called upon to decide whether an attorney-trustee who has been appointed by the court to oversee a suspended or disbarred attorney's law practice is entitled to take possession of referral fees that would otherwise be due to the suspended or disbarred attorney pursuant to a referral agreement, or whether instead the law firm responsible for paying the referral fees is entitled to retain them. We conclude that the Law Division correctly determined that the referral fees should be paid to the attorney-trustee, to be held in trust pending further direction from the court on the ultimate distribution of those funds.

I.
A. Kenneth Weiner was a practitioner in East Brunswick whose practice included plaintiffs' personal injury, petitioners' workers compensation and criminal matters. On February 2, 2004, Weiner referred seventy-eight personal injury files to the law firm of Eichen, Levinson & Crutchlow, LLP ("Eichen firm" or "the firm"). The partners in the Eichen firm are certified civil trial attorneys, in accordance with Rule 1:39-5. By order dated July 27, 2004, Weiner was temporarily suspended from the practice of law. His suspension was effective immediately and until further order of the Court. On August 2, 2004, the Law Division entered an order appointing Darren M. Gelber, of Wilentz, Goldman & Spitzer, P.A., as attorney-trustee pursuant to Rule 1:20-19.[1] That *949 rule allows the court to appoint an attorney-trustee to take possession of a suspended lawyer's practice for the benefit of the lawyer's clients and creditors. The court directed the attorney-trustee to "take all actions necessary to fulfill the requirements of R. 1:20-19." After two additional temporary orders of suspension were issued, Weiner was ultimately disbarred on October 12, 2006.
During the period of Weiner's suspension, the Eichen firm resolved the seventy-eight matters that Weiner had referred in February 2004. As of August 2006, the firm was holding $81,934 in escrow, which represented costs and fees that would have been due to Weiner pursuant to the referral agreement had he not been suspended.
On August 16, 2006, the Eichen firm filed a verified complaint alleging the following: (1) it was maintaining the $81,934 in its trust account; (2) Weiner was disqualified from earning legal fees after the date of his disbarment;[2] and (3) any fees to which Weiner might be entitled prior to his suspension or disbarment must be supported by a quantum meruit certification attesting to the services performed prior to suspension. The Eichen firm sought an order compelling Weiner to either file a quantum meruit certification, or be deemed to have forfeited all fees and costs to the Eichen firm.
After the complaint was filed, the Law Division entered an order permitting the attorney-trustee to intervene as a party defendant. The trustee alleged that he was entitled to take possession of the disputed referral fees pursuant to Rule 1:20-20(b)(13) and Rule 1:20-19.
At oral argument before the Law Division, the Eichen firm argued the following: (1) Weiner's failure to file a quantum meruit certification should result in forfeiture of his right to receive any referral fees; (2) Weiner's failure to file a certification attesting to his compliance with the procedures enumerated in Rule 1:20-20(b)(1) to (14) also disqualified him from receiving any referral fees; and (3) because the trustee stands in the shoes of the disqualified attorney, the trustee is not entitled to take possession of any referral fees due to Weiner's failure to submit the two required certifications.
In reply to the firm's arguments, the trustee contended that Weiner's law practice was entitled to payment of the referral fees regardless of whether Weiner submitted the quantum meruit certification or a certification of compliance with the requirements of Rule 1:20-20(b). The trustee further argued that if the contentions presented by the Eichen firm were accepted, the Eichen firm would obtain a windfall, and the trustee would be deprived of funds owed to Weiner's creditors and former clients.
In a written opinion of January 18, 2007, and a confirming order on February 14, 2007, Judge Longhi rejected the position advanced by the Eichen firm and directed *950 the firm to transfer the $81,934 to the trustee "as if A. Kenneth Weiner continued to be engaged in the active practice of law and without regard to the fact that he has been suspended and disbarred." That order also provided that the trustee should retain the funds pending further order of the court.
On appeal, the Eichen firm advances the same arguments it presented in the Law Division, and argues that the order issued by the Law Division should be reversed.

II.
A "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Manalapan Twp. Comm., 140 N.J. 366, 378, 658 A.2d 1230 (1995). We apply the same legal standard the trial judge did, and our review of his conclusions is de novo. Ibid.
At the heart of the dispute between the Eichen firm and the trustee is a provision of Rule 1:20-20(b)(13), which specifies that a suspended or disbarred attorney is prohibited from sharing in any legal fee earned by any other attorney after the date of suspension or disbarment. In relevant part, the rule provides:
1:20-20. Future Activities of Attorney Who Has been Disciplined or Transferred to Disability-Inactive Status
. . . .
(b) Notice to Clients, Adverse Parties and Others. An attorney who is suspended . . . or disbarred . . . :
. . . .
shall not share in any fee for legal services performed by any other attorney following the disciplined or former attorney's prohibition from practice, but may be compensated for the reasonable value of services rendered . . . prior to the effective date of the prohibition, provided the attorney has fully complied with the provisions of this rule and has filed the required affidavit of compliance under subparagraph (b)(15). . . . If an attorney-trustee has been appointed under R. 1:20-19, all fees for legal services and other compensation due the attorney shall be paid solely to the attorney-trustee for disbursement as directed by the court in accordance with the provisions of that rule. Compensation shall include any monies or other thing of value paid for legal services due or that is related to any agreement, sale, assignment or transfer of any aspect of the attorney's share of a law firm[.]

[R. 1:20-20(b)(13)(emphasis added).]
The Eichen firm argues that the amount of the referral fee due to Weiner on any one file could not be determined or calculated until the matter in question was resolved by settlement or trial. The firm observes that by the time of any such resolution, Weiner had already been suspended. Therefore, Eichen contends, Rule 1:20-20(b)(13) prohibits them from paying Weiner any referral fee.
Additionally, the firm maintains that Weiner was only entitled to compensation on a quantum meruit basis for actual services he performed on the files prior to the time he referred the files to the Eichen firm. In order to even be entitled to payment on a quantum meruit basis, the firm argues, Weiner was required to have filed a certification of services setting forth the services rendered. We disagree.
The firm's argument ignores the balance of Rule 1:20-20(b)(13). Plainly, the explicit language of Rules 1:20-19 and 1:20-20 includes forms of compensation that are due and payable to a suspended or disbarred attorney other than fees for legal services. The trustee correctly argues *951 that a trustee who has been appointed pursuant to Rule 1:20-19 is required by the terms of Rule 1:20-20(b)(13) to be paid "all legal fees for legal services and other compensation due the [disbarred] attorney." R. 1:20-20(b)(13). The last sentence of subsection (13) specifies that the term "compensation" includes any sum that is "due or that is related to any agreement, sale, assignment or transfer of any aspect of the attorney's share of a law firm." Ibid.
Were we to accept the Eichen firm's argument that the trustee is not entitled to take possession of the referral fees because of the prohibition contained in the first sentence of that rule, the last sentence of the rule concerning other forms of compensation would be rendered inoperative. An interpretation of a rule or statute that renders any other portion of it invalid or superfluous must be avoided. See Pine Belt Chevrolet v. Jersey Cent. Power & Light Co., 132 N.J. 564, 579, 626 A.2d 434 (1993).
We interpret a referral fee, once paid, to constitute a form of "other compensation" under Rule 1:20-20(b)(13). When an attorney refers client files to another attorney, the referring attorney has "assign[ed] or transfer[ed] . . . an[] aspect of [that] attorney's share of a law firm." Ibid. Weiner, as the referring attorney, relinquished all further professional responsibility for the handling of those files once the Eichen firm filed a substitution of attorney. Under such circumstances, we conclude that the referral of those files constituted an "assignment or transfer," ibid., of a portion of Weiner's law practice, thereby entitling him to eventual compensation in the form of a referral fee for the files that he relinquished. We thus conclude that Weiner's right to receive the referral fee is a form of "other compensation due the [disbarred] attorney." Ibid.
We further conclude that payment of any such referral fee after the date that Weiner was first suspended does not run afoul of the rule's prohibition of a disqualified attorney sharing in legal fees earned by another lawyer after the date the disbarred attorney was first suspended from the practice of law. We so conclude because in order for Weiner to be entitled to a referral fee from a certified civil trial attorney, such as any of the three partners of the Eichen firm, he was not required to have performed any legal work. R. 1:39-6(d). Rule 1:39-6(d) provides that a lawyer who refers a matter to a certified civil trial attorney is entitled to the payment of a referral fee "without regard to services performed or responsibility assumed by the referring attorney."
Consequently, Weiner's interest in a referral fee from the Eichen firm vested in accordance with the terms of the referral agreement the moment the referral agreement was executed on February 2, 2004, which was long before Weiner was first suspended. Therefore, we reject the Eichen firm's contention that payment of a referral fee to the trustee runs afoul of the prohibition on sharing legal fees that are due after the date of disqualification.
For the same reason, we reject Eichen's argument that it is not obligated to pay a referral fee to the trustee because Weiner never submitted a certification of services. Plainly, the terms of Rule 1:39-6(d) make a certification of services entirely unnecessary when the referral fee is being paid by a certified civil trial attorney.

III.
We likewise reject the firm's contention that Weiner's failure to file the affidavit of compliance that is required by Rule 1:20-20(b)(15) relieves the Eichen firm of any responsibility for payment of the referral *952 fee to which Weiner was entitled. Rule 1:20-20(b)(15) requires a disbarred attorney to certify that he has notified clients of his disqualification and that he has refrained from the conduct, or performed all of the acts, that are specified by Rule 1:20-20(b)(1) to (14).
The obligations specified in Rule 1:20-20(b)(1) to (14) are not related in any fashion to the enforceability of referral agreements negotiated by attorneys prior to their suspension or disbarment. Instead, the provisions of Rule 1:20-20(b)(1) to (14) are designed to protect clients of the disbarred attorney, as well as any other individuals who might unknowingly seek to retain that attorney during the period of his suspension. For example, a suspended attorney is prohibited from: giving a legal opinion; using any stationery, sign or advertisement that suggests that he is entitled to practice law; and utilizing any bank accounts or checks on which the attorney's name appears as a lawyer. R. 1:20-20(b). In addition, a suspended lawyer must: remove his name from telephone directories, the Martindale-Hubbell Law Directory and the New Jersey Lawyers Diary and Manual; and he must notify all clients and opposing counsel of his suspension. Ibid.
Clearly, none of those requirements pertains in any fashion to the disbarred attorney's right to receive a referral fee from a certified civil trial attorney. Unquestionably, the failure to file the affidavit of compliance that is required by Rule 1:20-20(b)(15) is not without consequences. Indeed, those consequences are set forth in Rule 1:20-20(c).[3] We simply conclude that the failure to file the affidavit of compliance that is required by Rule 1:20-20(b)(15) does not result in a forfeiture of the right to receive a previously negotiated referral fee from a certified civil trial attorney. A failure to file the affidavit of compliance, in contrast, disqualifies a suspended attorney from receiving a legal fee for actual work performed on a client matter prior to suspension. Compensation for work on a file is thus very different from receiving a referral fee.

IV.
Finally, we reject the Eichen firm's contention that the trustee "stands in the shoes" of Weiner and thus cannot collect a referral fee that Weiner himself was not entitled to receive because of Weiner's failure to file the affidavit of compliance. We so conclude for two reasons.
First, if we were to accept Eichen's argument that Weiner, and consequently the trustee, forfeits any entitlement to the referral fee because of Weiner's failure to file the affidavit of compliance, the Eichen firm would receive an undeserved windfall. At the time the referral agreement was executed on February 2, 2004, Eichen anticipated paying Weiner one-third of the fee it recovered on the seventy-eight matters that Weiner referred.[4] To permit Eichen to be relieved of the very financial *953 obligation that it incurred, and that it expected to fulfill, serves no legitimate purpose.
Second, one of the principal reasons underlying the appointment of an attorney-trustee is to marshall any funds due the disbarred attorney and maximize the amount available for potential distribution to clients and creditors who may be entitled to receive such sums. See R. 1:20-19(b). We discern no reason why the Eichen firm should be enriched at the expense of those individuals.
Accordingly, we hold that the failure of a suspended or disbarred attorney to file a quantum meruit certification or the affidavit of compliance that is required by Rule 1:20-20(b)(15) does not negate the right of an attorney-trustee appointed under Rule 1:20-19 to take possession of referral fees otherwise due to the suspended or disbarred attorney from a certified civil trial attorney for matters that were referred to the certified civil trial attorney before the suspension but were completed thereafter.
Accordingly, the Law Division's order of February 14, 2007 is affirmed.
NOTES
[1] Rule 1:20-19 provides in pertinent part:

1:20-19. Appointment of Attorney-Trustee to Protect Clients' Interest
(a) Jurisdiction; Appointment. If an attorney has been suspended or disbarred . . . the Assignment Judge, or designee, in the vicinage in which the attorney maintained a practice may . . . appoint one or more members of the bar of the vicinage where the law practice is situate as attorney-trustee.
. . . .
(b) Purposes; Inventory of Files, Trust and Other Assets. The purposes of the appointment shall be (1) to inventory active files and make reasonable efforts to distribute them to clients, (2) to take possession of the attorney trust and business accounts, (3) to make reasonable efforts to distribute identified trust funds to clients or other parties (other than the attorney), and (4) after obtaining an order of the court, to dispose of any remaining funds and assets as directed by the court. The attorney-trustee shall have no obligation or liability to the attorney. The attorney-trustee may take possession of the attorney's law practice and, in accordance with R. 1:20-20(b)(13), all monies and fees due the attorney for the sole purpose of creating a fund for payment of reasonable fees, costs and expenses of the trusteeship as ordered by the court. . . .
[R. 1:20-19.]
[2] The complaint, which was filed on August 16, 2006, alleged that Weiner was disbarred. Actually, he was not disbarred until two months later, October 12, 2006.
[3] Rule 1:20-20(c) provides:

Failure to Comply. Failure to comply fully and timely with the obligations of this rule and file the affidavit of compliance required by paragraph (b)(15) within the 30-day period, unless extended by the Director for good cause, shall, in the case of a suspension, preclude the Board from considering any petition for reinstatement until the expiration of six months from the date of filing proof of compliance in accordance with R. 1:20-21(i)(A). Such failure shall also constitute a violation of RPC 8.1(b)(failure to cooperate with ethics authorities) and RPC 8.4(d)(conduct prejudicial to the administration of justice). The Director also may file and prosecute an action for contempt pursuant to R. 1:10-2.
[4] The fee agreement specified a slightly different referral fee for the remaining three files.