SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**In re Opinion No. 745 of the Supreme Court Advisory Committee on Professional Ethics (A-44/45/46/47/48/49/50/51/52-23) (089278)**

**Argued October 22, 2024 -- Decided February 18, 2025**

**RABNER, C.J., writing for a unanimous Court.**

The Court considers the holding of the Advisory Committee on Professional Ethics (ACPE) in Opinion 745 that "certified lawyers generally may not pay referral fees to out-of-state lawyers" who are not licensed to practice law in New Jersey.

Rule 1:39-6(d) creates an exception to the general rule that New Jersey lawyers may not pay referral fees: (1) certified attorneys can pay referral fees (2) without regard to any legal work performed, and (3) the referral fee can be paid out of, but cannot exceed, the certified attorney's reasonable fee for legal services rendered. Rule of Professional Conduct (RPC) 1.5(e) states in part that legal fees can be divided between lawyers who do not practice in the same firm if (1) the division is proportionate to the services each lawyer performs or (2) the lawyers assume joint responsibility for the representation in a written agreement with the client. RPC 1.5(e) does not relate to the attorney certification program.

Opinion 745 rests on the principle that "[r]eferral fees are a division of the legal fee, paid for legal services rendered." The ACPE looked to RPC 1.5(e) and concluded that "the lawyer to whom the fee is payable must be . . . licensed and eligible to practice law in New Jersey." Opinion 745 also concluded that certified attorneys could not pay referral fees to lawyers who had to withdraw from a case because of a conflict of interest, although the referring "lawyer is entitled to payment for legal services rendered prior to withdrawing." In addition, Opinion 745 states that "[c]ertified lawyers may pay referral fees to lawyers who were in good standing and eligible to practice law" when the referral was made but were later suspended or disbarred. Several organizations petitioned the Court for review of Opinion 745, which the Court granted. 258 N.J. 166-70 (2024).

**HELD:** The Court Rules allow certified attorneys to pay referral fees to lawyers in other states even if they are not licensed here, and the payment of referral fees does not raise concerns about the unauthorized practice of law. The Court vacates Opinion 745, which reached the opposite conclusion.

1

1.  Rule 1:39-6(d) directly authorizes certified attorneys to pay referral fees. Those fees are not for legal services; they are for recommendations to retain a particular lawyer. The plain language of the Rule makes that clear. It states that referral fees can be paid "without regard to services performed or responsibility assumed by the referring attorney." R. 1:39-6(d). The Rule also identifies a source for the payment: a certified attorney handling a case "may divide a fee for legal services with the referring attorney." Ibid. That means that referral fees can be paid out of a reasonable fee for legal services charged to a client, and can be paid even when the referring attorney offered no legal services and assumed no responsibility for them. RPC 1.5(e) addresses a different subject than Rule 1:39-6(d) -- how to divide fees among lawyers for legal services they actually rendered. The text of the two rules does not present a conflict. Although both relate to a similar subject -- the division of fees -- Rule 1:39-6(d) governs referral fees, while RPC 1.5(e) addresses the division of fees for legal services. And even if there were a conflict, RPC 1.5(e) begins by saying "Except as otherwise provided by the Court Rules," so Rule 1:39-6(d) would qualify as an express exception and allow the payment of referral fees by certified attorneys. Rule 1:39-6(d) does not state that referring attorneys must be eligible to practice law in New Jersey. And because referral fees are not paid for legal services, they do not invoke concerns about the unauthorized practice of law. (pp. 10-14)

2.  The Court reviews the creation of New Jersey's attorney certification program. Rule 1:39-6(d) was designed, in part, to enhance access to experienced attorneys who had been vetted with care and to increase referrals to those lawyers. Allowing certified attorneys to pay referral fees facilitates those aims. Removing that incentive for out-of-state lawyers would have the reverse effect. (pp. 14-17)

3.  In holding that certified attorneys may pay referral fees to out-of-state attorneys without regard to any legal work performed, the Court does not address either (1) Opinion 745's proscription of the payment of referral fees to New Jersey lawyers who cannot accept a case, or must withdraw from a case, due to a conflict of interest or (2) Opinion 745's observation that "[c]ertified lawyers may pay referral fees to lawyers who were in good standing and eligible to practice law at the time of the referral but who later were suspended or disbarred at the time the case was concluded and the referral fee was payable." The guidance contained in the sources on which the ACPE based those two holdings -- ACPE Opinion 613, 121 N.J.L.J. 1037 (May 19, 1988), and Eichen, Levinson & Crutchlow, LLP v. Weiner, 397 N.J. Super. 588 (App. Div. 2008), respectively -- thus remains unchanged. (pp. 17-18)

**ACPE Opinion 745 is VACATED.**

**JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, FASCIALE, NORIEGA, and HOFFMAN join in CHIEF JUSTICE RABNER's opinion.**

2

SUPREME COURT OF NEW JERSEY
A-44/45/46/47/48/49/50/51/52 September Term 2023
089278

In re Opinion No. 745 of the Supreme Court
Advisory Committee on Professional Ethics.

On petitions for review of a decision of the Supreme
Court Advisory Committee on Professional Ethics.

Argued                          Decided
October 22, 2024            February 18, 2025

Diana C. Manning argued the cause for appellant New
Jersey State Bar Association (William H. Mergner, Jr.,
President, New Jersey State Bar Association, attorney;
William H. Mergner, Jr. and Timothy F. McGoughran, of
counsel, and Diana C. Manning, Christina Vassiliou
Harvey, and Kyle A. Valente, on the briefs).

Michael G. Donahue argued the cause for appellant New
Jersey Association for Justice (Stark & Stark, attorneys;
Michael G. Donahue, of counsel and on the briefs, and
John A. Sakson, Michael C. Shapiro, and John C.
Lowenberg, on the briefs).

Eric G. Kahn argued the cause for appellants American
Board of Trial Advocates Northern New Jersey Chapter
and Trial Attorneys of New Jersey (Javerbaum Wurgaft
Hicks Kahn Wikstrom & Sinins, attorneys; Eric G. Kahn,
of counsel and on the brief, and Annabelle M.
Steinhacker, on the brief).

Terrence J. Hull argued the cause for appellant Blume,
Forte, Fried, Zerres & Molinari, P.C. (Blume, Forte,
Fried, Zerres & Molinari, attorneys; Carol L. Forte,
Michael B. Zerres, John E. Molinari, Mitchell J.

1

Makowicz, Jeffrey J. Zenna, Kenneth W. Elwood, Harris S. Feldman, Richard J. Villanova, Norberto A. Garcia, and Frederick D. Miceli, of counsel, and Terrence J. Hull, of counsel and on the briefs).

Renee Greenberg, Deputy Attorney General, argued the cause for respondent Supreme Court Advisory Committee on Professional Ethics (Matthew J. Platkin, Attorney General, attorney; Sookie Bae-Park, Assistant Attorney General, of counsel, and Renee Greenberg, on the brief).

Megha R. Thakkar submitted a letter in lieu of a brief on behalf of appellant Middlesex County Bar Association (Marc S. Gaffney, President, Middlesex Bar Association, attorney).

Diane L. Cardoso submitted a letter in lieu of a brief on behalf of appellant Hudson County Bar Association (Diane L. Cardoso, President, Hudson County Bar Association, attorney).

G. Glennon Troublefield submitted a letter in lieu of a brief on behalf of appellant Essex County Bar Association (James DiGiulio, President, Essex County Bar Association, attorney).

Michael J. Epstein submitted a letter in lieu of a brief on behalf of appellant Bergen County Bar Association (Laura C. Sutnick, President, Bergen County Bar Association, and The Epstein Law Firm, attorneys).

CHIEF JUSTICE RABNER delivered the opinion of the Court.

The Advisory Committee on Professional Ethics (ACPE or Committee) released Opinion 745 on March 7, 2024. The opinion responded to "inquiries about out-of-state lawyers" who sought "payment of referral fees from New

Jersey certified attorneys." Among other things, the ACPE concluded that "certified lawyers generally may not pay referral fees to out-of-state lawyers" who are not licensed to practice law in New Jersey.

We find that the Court Rules allow certified attorneys to pay referral fees to lawyers in other states even if they are not licensed here. We also note that the payment of referral fees does not raise concerns about the unauthorized practice of law. We therefore vacate Opinion 745.

## I.

To provide relevant context, we begin with a brief overview of certain court rules and rules of professional conduct.

Referral fees are payments made for a recommendation to hire an attorney. Michels & Hockenjos, N.J. Att'y Ethics 613 (2024). Rules of Professional Conduct (RPC) 7.2(c) and 7.3(d) bar New Jersey lawyers from paying referral fees, aside from limited exceptions.[1]

Rule 1:39-6(d) creates an exception to the general rule for certified attorneys. Under the attorney certification program, which we discuss later, lawyers who have satisfied the requirements of the Court Rules and been

---

[1] Under RPC 7.2(c), lawyers can "pay the reasonable cost of advertising" or other "written communication" as well as "the usual charges of a not-for-profit lawyer referral service or other legal service organization." RPC 7.3(d) allows lawyers to make similar payments.

3

certified in an area of practice can use the appropriate designation. <u>Rule</u> 1:39-6(d) provides that

> [a] certified attorney who receives a case referral from a lawyer who is not a partner in or associate of that attorney's law firm or law office may divide a fee for legal services with the referring attorney or the referring attorney's estate. The fee division may be made without regard to services performed or responsibility assumed by the referring attorney, provided that the total fee charged the client relates only to the matter referred and does not exceed reasonable compensation for the legal services rendered therein. The provisions of this paragraph shall not apply to matrimonial law matters that are referred to certified attorneys.

The plain language of the Rule makes clear that (1) certified attorneys can pay referral fees (2) without regard to any legal work performed, and (3) the referral fee can be paid out of, but cannot exceed, the certified attorney's reasonable fee for legal services rendered.

The ACPE's analysis emanates from RPC 1.5(e), which states, in part:

> Except as otherwise provided by the Court Rules, a division of fee between lawyers who are not in the same firm may be made only if:
>
>> (1) the division is in proportion to the services performed by each lawyer, or, by written agreement with the client, each lawyer assumes joint responsibility for the representation . . . .

RPC 1.5(e) does not relate to the attorney certification program.

4

II.

In response to "inquiries about out-of-state lawyers" who sought "payment of referral fees from New Jersey certified attorneys," the ACPE issued Opinion 745 on March 7, 2024. It held that

> certified lawyers generally may not pay referral fees to out-of-state lawyers. Certified lawyers also may not pay referral fees to New Jersey lawyers who cannot accept a case, or must withdraw from a case, due to a conflict of interest. Certified lawyers may, however, pay referral fees to New Jersey lawyers who referred a case when they were eligible to practice but were thereafter suspended or disbarred when the case resolved and the referral fee was payable.

Opinion 745 rests on the principle that "[r]eferral fees are a division of the legal fee, paid for legal services rendered." The Committee therefore looked to RPC 1.5(e), which again states that legal fees can be divided between lawyers who do not practice in the same firm if (1) the division is proportionate to the services each lawyer performs or (2) the lawyers assume joint responsibility for the representation in a written agreement with the client.

Because the ACPE considered referral fees as payments for legal services, it concluded that "the lawyer to whom the fee is payable must be . . . licensed and eligible to practice law in New Jersey." An out-of-state lawyer

5

who did not satisfy those requirements, according to the opinion, could not "receive a referral fee for a New Jersey case."

Opinion 745 acknowledged that certified lawyers are permitted to pay referral fees under Rule 1:39-6(d). But the opinion concluded they could not pay referral fees to lawyers who had to withdraw from a case because of a conflict of interest and, as a result, could not provide legal services. Citing ACPE Opinion 613, 121 N.J.L.J. 1037 (May 19, 1988), the Committee added that, "if an unforeseen conflict arises" during the litigation, the referring "lawyer is entitled to payment for legal services rendered prior to withdrawing." In addition, Opinion 745 states that "[c]ertified lawyers may pay referral fees to lawyers who were in good standing and eligible to practice law" when the referral was made but were later suspended or disbarred when the fee was due. (citing Eichen, Levinson & Crutchlow, LLP v. Weiner, 397 N.J. Super. 588, 594-95 (App. Div. 2008)).

We granted petitions for review of Opinion 745 filed by the following entities: the New Jersey State Bar Association (NJSBA); the Bar Associations of Bergen, Essex, Hudson, and Middlesex Counties, each of which joined in the NJSBA's brief; the American Board of Trial Advocates Northern New Jersey Chapter and the Trial Attorneys of New Jersey (ABOTA and TANJ), which filed a joint brief; the New Jersey Association for Justice (NJAJ); and

6

Blume, Forte, Fried, Zerres & Molinari, P.C. (Blume). 258 N.J. 166-70 (2024). On July 23, 2024, we granted the State Bar Association's motion to stay enforcement of Opinion 745. 258 N.J. 263 (2024).

III.

The NJSBA, joined by the four County Bar Associations, urges the Court to vacate Opinion 745. The State Bar contends the opinion misinterpreted the plain language of Rule 1:39-6(d) and conflated the payment of a referral fee under that Rule with the division of a legal fee under RPC 1.5(e). Among other things, the NJSBA argues that Rule 1:39-6(d) uses the word "attorney," but not qualifying phrases like "out-of-state attorney" or "New Jersey attorney," which reveals that the Rule applies to both groups of lawyers.

The NJSBA also contends that Opinion 745 threatens to undermine New Jersey's attorney certification program and harm clients by removing the incentive for out-of-state lawyers to refer cases to vetted certified attorneys. In addition, the State Bar submits that Opinion 745 potentially exposes certified lawyers to liability for breach of contract if they do not pay referral fees they promised to pay.

Other petitioners present similar arguments. NJAJ adds that, although referral fees are paid out of legal fees, the source of the payment does not

7

convert a referral into the performance of legal services. NJAJ also emphasizes that because RPC 1.5(e) contains a carveout -- "Except as otherwise provided by the Court Rules" -- Rule 1:39-6(d) controls.

ABOTA and TANJ note that Opinion 745 upends more than forty years of accepted practice. Blume adds that the opinion's discussion of lawyers who have a conflict of interest exceeds the scope of the inquiries Opinion 745 is based on.

The ACPE, represented by the Attorney General, submits that Opinion 745 correctly interpreted Rule 1:39-6(d). According to the ACPE, "[b]ecause a referral fee is a legal fee under [the Rule], the same restrictions that apply to payments of legal fees also apply to referral fees." The Committee also represents that Opinion 745 correctly concluded that certified attorneys cannot pay referral fees to lawyers who have a conflict of interest at the time of a referral.

Although the ACPE maintains that Opinion 745 does not inhibit public access to the certified attorney program, the Committee observes that the Court could amend Rule 1:39-6(d) to permit a broader range of referral fees. The ACPE also "does not object to the Court authorizing certified attorneys to honor . . . contractual obligations," entered into before Opinion 745, "with out-of-state attorneys who are not eligible to practice law in New Jersey."

8

IV.

The Supreme "Court has plenary authority to regulate the legal profession in New Jersey." In re Op. No. 17-2012 of the ACPE, 220 N.J. 468, 477 (2014). The State Constitution expressly provides for the Court's jurisdiction. See N.J. Const. art. VI, § 2, ¶ 3; see also In re LiVolsi, 85 N.J. 576, 585 (1981).

To offer guidance to members of the legal profession about aspects of the Rules of Professional Conduct and other rules governing the practice of attorneys, the Court established the Advisory Committee on Professional Ethics. See R. 1:19-2. The Committee is comprised of fifteen attorneys and three lay members. R. 1:19-1. It accepts and responds to inquiries from the State Bar Association, county and local bar associations, and individual members of the bar. R. 1:19-2. Its opinions are binding on ethics committees, R. 1:19-6, and subject to de novo review by the Supreme Court, see R. 1:19-8; In re Op. No. 17-2012, 220 N.J. at 477.

V.

The Court applies basic principles "of statutory construction to interpret the court rules." Robertelli v. Off. of Att'y Ethics, 224 N.J. 470, 484 (2016); see also First Resol. Inv. Corp. v. Seker, 171 N.J. 502, 511 (2002). We begin with "the plain language of the rules and give the words their ordinary

9

meaning." Robertelli, 224 N.J. at 484. We also strive to construe related provisions in a harmonious manner, State v. Cooper, 256 N.J. 593, 605 (2024), "to give sense to the [court rules] as a whole," Wiese v. Dedhia, 188 N.J. 587, 592 (2006) (alteration in original) (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)).

If the text is ambiguous, we can turn to extrinsic evidence, including committee reports, for guidance. In re DiGuglielmo, 252 N.J. 350, 360 (2022).

VI.

A.

Rule 1:39-6(d) is the proper starting point to evaluate the payment of referral fees. As noted earlier, the Rule directly authorizes certified attorneys to pay referral fees. Those fees, once again, are not for legal services; they are for recommendations to retain a particular lawyer. Michels & Hockenjos, at 613.

The plain language of the Rule makes that clear. It states that referral fees can be paid "without regard to services performed or responsibility assumed by the referring attorney." R. 1:39-6(d). The Rule also identifies a source for the payment: a certified attorney handling a case "may divide a fee for legal services with the referring attorney." Ibid. That means that referral fees can be paid out of a reasonable fee for legal services charged to a client,

10

and can be paid <u>even when</u> the referring attorney offered no legal services and assumed no responsibility for them.  <u>See</u> <u>ibid.</u>  In short, referral fees can be paid out of legal fees.

RPC 1.5(e) addresses a different subject than <u>Rule</u> 1:39-6(d) -- how to divide fees among lawyers for legal services they actually rendered.  RPC 1.5(e) states that fees may be divided if, among other requirements, "the division is in proportion to the services performed by each lawyer, or, by written agreement with the client, each lawyer assumes joint responsibility for the representation."

The text of the two rules does not present a conflict.  Although both relate to a similar subject -- the division of fees -- <u>Rule</u> 1:39-6(d) governs referral fees, while RPC 1.5(e) addresses the division of fees for legal services.  Viewed in that way, the rules can be read and applied as part of a unitary system.  <u>See</u> <u>Williams v. State Parole Bd.</u>, 255 N.J. 36, 46 (2023).

Opinion 745 focuses on the common reference in both rules to the "division" of a "fee" between lawyers.  But that does not convert a "referral fee" for the recommendation of a lawyer into a "fee" for legal services.  Even if it did, RPC 1.5(e) begins with this language:  "Except as otherwise provided by the Court Rules."  So if there were an actual conflict between the two rules,

11

Rule 1:39-6(d) would qualify as an express exception and allow the payment of referral fees by certified attorneys.

In Eichen, the Appellate Division likewise drew a distinction between referral fees and fees for legal services. 397 N.J. Super. at 594-95. In that case, Weiner, an attorney, referred numerous cases to certified attorneys at the Eichen law firm. Id. at 590. Soon after, Weiner was suspended from the practice of law and ultimately disbarred. Id. at 590-91.

The firm resolved all the referred cases, and an attorney-trustee for Weiner's law practice sought payment of the referral fees. Id. at 591-92. The Eichen firm argued that Weiner should have to file a certification and attest to the legal work he performed on the cases before his suspension. Id. at 591-92, 594.

The Appellate Division rejected the argument. It found that payment of a referral fee after Weiner was suspended did not violate the rule that "[a]n attorney who is suspended . . . or disbarred . . . shall not share in any fee for legal services performed by any other attorney following the disciplined or former attorney's prohibition from practice." Id. at 593 (omissions in original) (emphasis added) (quoting R. 1:20-20(b)(13)). The appellate court succinctly explained its reasoning: "in order for Weiner to be entitled to a referral fee from a certified civil trial attorney, . . . he was not required to have performed

12

any legal work." Id. at 595 (citing R. 1:39-6(d)). Referral fees instead qualified as "other compensation." Id. at 594 (quoting R. 1:20-20(b)(13)).

We note as well that the text of Rule 1:39-6(d) does not state that referring attorneys must be eligible to practice law in New Jersey. The Rule reads, in part, that "[a] certified attorney who receives a case referral from a lawyer . . . may divide a fee for legal services with the referring attorney or the referring attorney's estate." R. 1:39-6(d) (emphases added). No language in the Rule limits "referring attorneys" to New Jersey lawyers.

Elsewhere, the Court Rules distinguish between New Jersey and out-of-state attorneys. See, e.g., R. 1:21-9(b) ("The foreign legal consultant shall associate and consult with a New Jersey attorney and the associating New Jersey attorney shall assume full responsibility for the conduct of the foreign legal consultant."); R. 4:11-4(b)(1) ("[A]n out-of-state attorney or party may submit a foreign subpoena along with a New Jersey subpoena . . . to an attorney authorized to practice in this State . . . ."); R. 4:88-4 ("The allowance [of attorney's fees] shall be payable to the New Jersey attorney, and shall state what part . . . of said allowance is to be paid to or shared with the foreign attorney or attorneys."). Subsection (a) of Rule 1:39-6 also refers to the ability of "any attorney-at-law of this State" to practice without a certification. Subsection (d) has no similar qualifying language.

13

We add one further point about Rule 1:39-6(d).  Because referral fees are not paid for legal services, the Rule does not invoke concerns about the unauthorized practice of law.  For the same reason, the Rule does not require referring attorneys to be eligible to practice law in New Jersey.

B.

To the extent the plain language of the rules is ambiguous, we may consider extrinsic evidence.  That evidence lends support to the above reading of the rules.

As noted earlier, only certified attorneys may pay referral fees. Compare RPC 7.2(c) and 7.3(d) (generally barring lawyers from paying referral fees), with R. 1:39-6(d) (allowing certified attorneys to do so).

In 1976, the Supreme Court appointed a Committee on Trial Advocacy Specialization to explore whether "the public interest calls for . . . establishing some form of trial advocacy certification."  Sup. Ct. Comm. on Trial Advoc. Specialization, Final Report, 101 N.J.L.J. 1, 14 (1978).  The Committee interviewed judges and attorneys, conducted a survey, and assessed developments in other states.  Id. at 14.  It concluded that a certification program "is in the public interest and will tend to improve the quality of trial advocacy."  Ibid.  Among other reasons, members of the Committee noted "that by making available reliable information concerning attorneys having

14

special competence as trial lawyers, the general public's access to qualified legal services would be increased and <u>lawyer referral in the trial area would be facilitated</u>." <u>Ibid.</u> (emphasis added). The Committee also proposed amendments to the Court Rules to create a certification program. <u>Ibid.</u>

The Court adopted the Committee's recommendation and a set of court rules in 1979. Pressler & Verniero, <u>Current N.J. Court Rules</u> 367 (2025). <u>Rule</u> 1:39 created the Board on Attorney Certification (BAC) with certification committees in five areas of trial law: civil, criminal, matrimonial, workers' compensation, and municipal court. <u>R.</u> 1:39-1, -1A(a).

To be eligible for certification, attorneys must be members of the bar in good standing and have a plenary license in New Jersey for at least five years; have "[e]xtensive and substantial experience . . . in the designated area of practice as set forth in the" regulations established by the BAC; "establish . . . professional fitness and competence in the designated area of practice"; submit references; and pass a written examination, among other requirements. <u>R.</u> 1:39-2, -3. In the area of civil practice, for example, applicants must show they had primary responsibility for at least ten contested actions in New Jersey, with a minimum of twenty trial days. BAC Reg. 203:1(b), (c); <u>see also</u> <u>id.</u> at (b), (d) (comparable requirements for criminal certification); BAC Reg.

15

203:2(b) to (f) (matrimonial); BAC Reg. 203:3(b) to (d) (workers' compensation); BAC Reg. 203:4(b) to (d) (municipal).

Attorneys who satisfy those and other requirements may hold themselves out as certified attorneys in their designated practice area. R. 1:39-6(b). Once they are certified, they have various ongoing reporting obligations. See R. 1:39-2(e), -6(e). Certification lasts for five years, and attorneys can apply to renew their status during the last twelve months of that period. R. 1:39-7.

In view of the "demanding" vetting process required for certification, a lawyer's status as a certified attorney is "an important symbol of professional competence in a specialized field." In re Hyderally, 208 N.J. 453, 460 (2011). And with that recognition comes the ability to pay referral fees. R. 1:39-6(d).

When the Court initially adopted Rule 1:39, it simultaneously amended Disciplinary Rule 2-107 to allow certified attorneys to pay referral fees. See Pressler, Current N.J. Court Rules, cmt. on R. 1:39 at 201 (1979). Compare id. at 224 (post-amendment DR 2-107), with Pressler, Current N.J. Court Rules 205 (1978) (pre-amendment DR 2-107). "[W]hen the Rules of Professional Conduct replaced the [Disciplinary Rules]," the exception for certified attorneys was "inadvertently omitted." Proposed Rule Amendments, Proposal 4, 116 N.J.L.J. 321, 334 (Sept. 5, 1985). The Court codified the exception as Rule 1:39-6(d) in 1985. See Pressler & Verniero, at 370.

As the Court Rules and their history reveal, <u>Rule</u> 1:39-6(d) was designed, in part, both to enhance access to experienced attorneys who had been vetted with care and also to increase referrals to those lawyers. <u>See, e.g.</u>, <u>Final Report</u> at 14. Allowing certified attorneys to pay referral fees facilitates those aims. Removing that incentive for out-of-state lawyers would have the reverse effect.

## C.

Other jurisdictions have addressed similar questions about paying referral fees to out-of-state attorneys. <u>See, e.g.</u>, Phila. Bar Ass'n, Op. No. 93-15 (1993) (permitting referral fees to out-of-state lawyers subject to relevant ethics rules); Mich. State Bar Comm. on Pro. & Jud. Ethics, Op. RI-199 (1994) (same); Conn. Bar Ass'n Standing Comm. on Pro. Ethics, Informal Op. 20-02 (2020) (same); Ill. State Bar Ass'n Pro. Conduct, Advisory Op. No. 21-04 (2021) (same); Fla. Bar, Ethics Op. 90-8 (1991) (barring payment of referral fees to out-of-state lawyers). Because we rely on the language of New Jersey's court rules and rules of professional conduct, we do not discuss those opinions at length.

## VII.

Based on the plain language of <u>Rule</u> 1:39-6(d), we conclude that certified attorneys may pay referral fees to out-of-state attorneys without

17

regard to any legal work performed. We therefore vacate Opinion 745, which reached the opposite conclusion.

Opinion 745 also briefly addressed -- and proscribed -- the payment of "referral fees to New Jersey lawyers who cannot accept a case, or must withdraw from a case, due to a conflict of interest." For support, Opinion 745 cited ACPE Opinion No. 613, among other sources. The ACPE explained that under Opinion 613, a "lawyer could be paid for services rendered prior to withdrawal due to an unforeseen conflict but could not receive a referral fee because the lawyer should not 'profit from' the conflict."

Citing Eichen, 397 N.J. Super. at 594-95, Opinion 745 also observed that "[c]ertified lawyers may pay referral fees to lawyers who were in good standing and eligible to practice law at the time of the referral but who later were suspended or disbarred at the time the case was concluded and the referral fee was payable."

We do not review either Opinion 613 or Eichen today. To be clear, by vacating Opinion 745, the guidance contained in those opinions remains unchanged.

### VIII.

For the reasons set forth above, we vacate ACPE Opinion 745.

18

JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, FASCIALE, NORIEGA, and HOFFMAN join in CHIEF JUSTICE RABNER's opinion.